The lessor of the plaintiff proved the defendant to be in possession of a field on the east side of the French Broad River, and also of another on the west side of the same river, and then offered in evidence a grant to himself from the State, dated in 1829, including land on both sides of the river and taking in both fields. As to the land on the east side the defendant relied upon showing title out of the plaintiff's lessor, and produced a grant to one Blount, dated in 1794, which covered all the land on that side of the river. The lessor of the plaintiff then read in evidence a grant to the defendant, dated in 1834, for the land on the east side and insisted that the defendant was estopped by this grant from denying title in the State at the date of the plaintiff's lessor's grant, and the question was, whether the defendant was estopped from showing title out of the plaintiff's lessor by relying on Blount's grant.
His Honor was of opinion that the doctrine of estoppel did not apply for that when the grant issued to Candler, in 1829, at his suggestion that the land was vacant, the State was not estopped from denying this allegation, and of course the defendant who claimed under the State by the grant of 1834 was not estopped from denying a matter which his grantor was at liberty to deny. *Page 427 
As to the field on the west side of the river, the defendant (543) offered in evidence a grant to one Roberts, dated in 1793, and regular mesne conveyances to one Warren, one Baily, and then to himself. This grant and the mesne conveyances did not cover a part of the field, containing about two acres. But as to these two acres the defendant relied upon the presumption of a grant from long possession, and proved that for upwards of thirty-five years before the commencement of this action the field had been fenced in, and cultivated every year, by persons claiming it as theirs; that he himself had cultivated the land, claiming it as his own for fifteen years next before the commencement of the action; that Baily had cultivated it the ten years before, and that Warren had cultivated it ten years before Baily took possession; both Baily and Warren, while in possession, respectively claiming the land as their own. The counsel for the lessor of the plaintiff insisted that such possession was not sufficient to justify the presumption of a grant, without showing that the defendant claimed under Baily, and Baily under Warren, by some kind of conveyance.
His Honor charged that a long, uninterrupted possession, as for thirty years or more, by persons claiming the land as their own, would justify the jury in presuming a grant, although no connection by a deed or other conveyance was proven to have existed between the persons so holding possession. There was a verdict and judgment for the defendant, and the plaintiff's lessor appealed.
We think that neither exception can be sustained, but that the judgment must be affirmed.
The case of Taylor v. Shufford, 4 Hawks, 116, sanctions the principle of the common law that the sovereign cannot be estopped, as a rule of justice and policy, equally applicable to our institutions as to those of the mother country. The State was therefore at liberty to aver that at the time the patent to the lessors of the plaintiff emanated the land had been granted to Blount, and so may consequently the defendant. He cannot be bound to surrender to the plaintiff a possession which the defendant's grantor might have withheld from him.
Upon the other question, Fitzrandolph v. Norman, N.C. T. R., (544) 131, is the leading case, and decisive. Indeed it goes further than is necessary for the purposes of this case. Here it is impliedly admitted that the defendant came in under Bailey, and he under Warren; and the objection is that the connection between them is not shown by deed. An answer to the objection in that form is that from long possession a *Page 428 
presumption arises of everything necessary to constitute a title in the possessor, and therefore if such mesne conveyances were necessary to authorize the presumption that a grant had issued to the defendant, or to someone under whom he claims, then such intermediate instruments would be presumed as well as the grant from the State. But the case cited rules that the presumption of a grant arises, although the occupation had been by different persons, and no privity could, by any means, be traced between the successive tenants, much less is it requisite to establish such privity by deed. It does not appear that the possession in this case of thirty-five years was not taken and held upon the same title or claim of title throughout, which we think affords a legal inference of a good title, as the foundation of such long possession.
PER CURIAM. Judgment affirmed.
Cited: Reed v. Earnhart, 32 N.C. 520; Mallett v. Simpson, 94 N.C. 43;Wallace v. Maxwell, 32 N.C. 112; Aycock v. R. R., 89 N.C. 324; S.v. Williams, 94 N.C. 895; Mason v. McLean, 35 N.C. 264; Melvin v.Waddell, 75 N.C. 366; Price v. Jackson, 91 N.C. 14; Cowles v. Hall,90 N.C. 333; Pearson v. Simmons, 98 N.C. 283; Taylor v. Gooch, 48 N.C. 469;Asbury v. Fair, 111 N.C. 257; Hamilton v. Icard, 114 N.C. 536;Walden v. Ray, 121 N.C. 238.
(545)