GEORGE T. PENNY v. O. J. LUDWICK AND F. J. BAME.

(Filed 20 April, 1910.)

1. Pleadings—Mortgagor and Mortgagee—Claim and Delivery—Counterclaim—Accounting—Questions for Jury.

In an action to declare valid a sale of property under mortgage described in the pleadings, the possession of which had been obtained under claim and delivery proceedings, damages by way of counterclaim being alleged in the answer, the defendant mortgagors are entitled to an accounting to ascertain the amount realized at the sale in excess of the mortgage debt, and for such excess, if any, they are entitled to judgment, thus raising a question for the jury; and therefore plaintiff's motion for judgment upon the pleadings should be denied.

2. Claim and Delivery—Wrongful Seizure—Damages—Issues.

When the pleadings in an action to declare valid a sale of property under mortgage raise questions as to whether the mortgage had been released, and the sale was unlawful, and the property wrongfully seized under claim and delivery proceedings, the defendant, if successful, is entitled to judgment "for a return of the property, or for the value thereof in case return cannot be had, and damages for taking and withholding the same" (Revisal, sec. 570), and issues were properly submitted to the jury to ascertain the value of the property alleged to have been wrongfully converted.

3. Claim and Delivery—Wrongful Seizure—Damages—Tender.

The fact that the verdict of the jury has established that the plaintiff wrongfully seized, under claim and delivery proceedings, and sold defendant mortgagor's property, and tendered the unsold property in excess of the debt, without a finding that such excess of property is not in plaintiff's possession or under his

control, does not discharge the plaintiff from liability to defend-
ant; and the question as to whether the tender was a valid
one and would thereafter relieve the plaintiff ·from paying inter-
est, does not arise.

· 4. **Claim and Delivery—Mortgagor and Mortgagee—Excess—Ver-
dict—Judgment—Interest—Damages, Unliquidated.**

When the verdict of the jury has only established that plain-
tiff has wrongfully converted to his own use an ·excess of prop-
erty in a certain sum over that required to pay off defendant's
mortgage to him, the.judgment thereon should not include in-
terest from the time of the alleged conversion, but only.from
the date of the judgment, the conversion being a tort and the
damages unliquidated; and when on appeal the judgment of the
court is erroneous in this respect only, it will be ordered to be
amended and affirmed.

APPEAL by plaintiff, from *G. W. Ward, J.,* at January Term,
1910, of GUILFORD.

The facts are stated in the opinion of the Court.

*Thomas J. Gold* and *Stedman & Cooke* for plaintiff.
*Justice & Broadhurst* for defendant.

WALKER, J. This action was brought by the plaintiff for
the purpose of having declared valid or lawful a sale of the
property described in the pleadings, and for the payment to
the plaintiff of the amount due him on the note secured by the
mortgage from the proceeds of sale. When the action was
commenced, the plaintiff instituted proceedings under claim
and delivery as ancillary to his principal suit, and caused cer-
tain property to be seized, under the requisition issued by the
clerk of the court, the value of which, it appears from the ver-
dict of the jury as hereinafter set out, was largely in excess of
the amount due to the plaintiff. The defendant answered, and
alleged that the plaintiff had converted a part of the property
which the jury in their verdict have valued at $2,500, though
the defendant claimed a much larger amount than the sum so
stated. ·

The following issues were submitted to the jury:

1. Was it agreed between plaintiff and defendant that plain-
tiff would release the mortgage held by him against Thomas
upon the café outfit, as alleged by the defendant? Answer:
Yes.

2. Is plaintiff the owner of and entitled to the possession of
articles of personal property mentioned in the complaint? An-
swer: No.

3. What was the value of the personal property that was
sold at public auction, and also that which perished, if any?
Answer: $700.

4. What was the value of the property that was unsold and did not perish? Answer: $1,800.

5. Did plaintiff tender to defendants that which was unsold, and if so, what date? Answer: Yes; on or about 7 October, 1907.

The plaintiff, who appealed in the action, has reserved only two assignments of error. The first of these is that the court refused, at the request of the plaintiff, to give judgment upon the pleadings. This prayer was properly refused, as there were issues of fact presented in the case, which were for the jury to determine. The motion of the plaintiff for judgment was based upon the ground that the defendants, in their answer, had sought to recover of the plaintiff damages by way of counterclaim. If the sale was a lawful one, we have held that the defendants, occupying the position of mortgagors, were entitled to an accounting between the plaintiff and themselves, in order to ascertain the amount realized at the sale, in excess of what was necessary to pay the plaintiff's claims, and the amount so ascertained the defendant would be entitled to recover and to have a judgment entered therefor. *Smith v. French,* 144 N. C., 2. But in this case the jury have found that the mortgage had been released, and was not, therefore, an encumbrance upon the property; that the plaintiff is not the owner of and entitled to the possession of the personal property mentioned in the complaint.

It would appear, therefore, by these findings of the jury that there had been an unlawful conversion of the property by the plaintiff, or, in other words, that he was not entitled to the ancillary remedy of claim and delivery. The plaintiff seized the property under the requisition in the claim and delivery proceedings, and, as we have said, the jury have found that the seizure was wrongful. In such a case it is provided as follows: "If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or for the value thereof in case a return cannot be had, and damages for taking and withholding the same." Revisal, sec. 570. It was proper, therefore, to submit issues to the jury in order to ascertain the value of the property thus unlawfully converted. The jury found that property of the value of $700 could not be returned by the plaintiff, and that there was left property of the value of $1,800, which could be returned; in other words, which is, or should be, in the possession of the plaintiff. The court entered judgment for the $700, with interest from 31 August, 1907, and as to the property which the jury valued at $1,800,

it is provided in the judgment that the cause be retained for further directions, until it can be ascertained how much of this property can be returned, so that if a part of this property cannot be returned, the value of such part may be ascertained and judgment entered in favor of the defendants against the plaintiff for the amount assessed by the jury. The defendants would be entitled to an execution for a return of so much of the property as can be found by the sheriff.

The plaintiff contends that he made a tender of the property to the defendants, and they refused to accept the same; but this does not discharge him from liability to the defendants, as there is no finding in the verdict of the jury to the effect that the property is not now in the possession of the plaintiff or under his control. In passing upon the validity of the judgment in this case, or the exceptions of the plaintiff thereto, we are confined to a consideration of the verdict, and are not at liberty to examine the evidence and find the facts for ourselves. Whether the plaintiff, if he has made a good and valid tender to the defendant of the property, will be entitled to a discharge from the interest upon the value of the property from the date of the tender, provided the jury should see fit to allow interest as a part of the damages, is a question which is not now before us for decision. *Stephens v. Koonce,* 103 N. C., 266; *Lance v. Butler,* 135 N. C., 419.

The defendant also excepted upon the ground that the court had allowed interest from the alleged date of conversion, 31 August, 1907, on the $700, found by the jury to be the value of the property which cannot be returned. We think it was error to allow interest on this amount, as the conversion was a tort and the damages were unliquidated. The very question is decided in *Lance v. Butler, supra,* in which the Court said: "The defendant properly asked that the third issue should be, 'Was the plaintiff damaged by such sale; if so, how much?' Had it been submitted in that form, the jury, in their discretion, could have allowed interest from the date of the conversion. *Stephens v. Koonce,* 103 N. C., 266. In the form actually submitted, 'What was the value of the goods sold by the defendant under his mortgage?' the jury responded, '$300.' Upon this finding it was error to allow interest, except from the date of the judgment. Code, sec. 530 (Revisal, sec. 1954). Besides, the date of the conversion, '6 February, 1895,' as stated in the judgment, is not found by the verdict. This error, therefore, does not call for a new trial, but the judgment will be affirmed, so that the $300 shall bear interest only from the date of the judgment." The two cases seem to be practically identical as to the

question presented for consideration. In accordance with what was said in that case, we direct that the judgment be modified by allowing interest only from its date, and, as thus amended, the judgment of the court below is affirmed. The costs of this Court will be divided equally between the parties, that is, the plaintiff will pay one-half and the defendants the other half thereof.

Modified and affirmed.