ALLEN ALSTON v. K. P. HILL ET ALS.

(Filed 1 April, 1914.)

**Deeds and Conveyances—Contracts—Consideration—Criminal Prosecution—Trials—Question for Jury.**

While the court will declare null and void notes or conveyances made upon the sole consideration of suppressing or stifling

a criminal prosecution, they will not do so. as a matter of law upon the pleadings to set aside alleged transactions of this character when the facts are not admitted; and whatever inferences may be drawn from the pleadings are questions of fact for the determination of the jury.

APPEAL by defendants from *Cooke, J.,* at February Term, 1914, of FRANKLIN.

Civil action. The court rendered judgment in favor of the plaintiff upon the pleadings. Defendant appealed.

*B. G. Mitchell, T. T. Hicks for plaintiff.*

*W. H. Yarborough, Jr., Bickett, White & Malone for defendants.*

BROWN, J. This is a civil action, brought to set aside a certain deed of trust upon the ground that its execution was procured by an agreement to suppress a criminal prosecution.

There are also allegations in the complaint practically charging, further, that the said deed was executed under duress. It appears from the complaint that the defendants charged the plaintiff with having bought seed cotton upon which the defendants had a mortgage, from one Fowler, in the nighttime, contrary to the statute in such cases made and provided; that a warrant was duly issued by a justice of the peace, and upon this warrant plaintiff was arrested; that after his arrest he assumed the payment of the debt secured by the mortgage on the cotton he was charged with having bought in the nighttime, and the said mortgage was transferred to him; that thereafter the magistrate dismissed the case against the plaintiff upon the ground that no one appeared to prosecute him.

The plaintiff alleges that he was practically forced into signing the mortgage under threats of a criminal prosecution, and was told that he would be discharged if he executed the paper.

These allegations are denied by the defendants.

Then the defendants in their answer aver that "The facts in relation to the whole matter are as follows:

"That one John Fowler was indebted to the Hill Live-stock Company in a large amount, towit, . . . and secured by crop

liens and chattel mortgages; that said mortgagees were reliably informed that said plaintiff, Allen Alston, had conspired with said John Fowler to cheat and defraud them by an unlawful disposition of the said crops, by the purchase during the nighttime from the said Fowler of crops conveyed to them in said liens.

"Acting upon such information, said mortgagees had plaintiff arrested upon a warrant charging him with the buying of seed cotton from said Fowler during the nighttime.

"After his arrest, and before he came to Louisburg, said plaintiff told said Hudson that he wanted to fix the matter up and arrange it; that he admitted his guilt, and said in the presence of said Fowler and son that he had bought the cotton from them; said plaintiff at first denied to Hudson that he had bought cotton from Fowler and son, and when he was brought in the office of defendant he again denied it, and said he would like to face the man who would say he bought the cotton from Fowler at night; then the Fowlers were brought from jail and told him that he had bought the cotton from them at night, but had not paid them for it, except some shoe work; then said plaintiff admitted that he had bought cotton, and agreed that he would take and secure the Fowler claim if they would transfer it with the mortgage to him.

"He then agreed to execute the trust deed, as set out in the complaint, and directed said mortgagees to transfer the Fowlers' mortgages and notes to him, which was done.

"No threats of prosecution were made to plaintiff, but, on the other hand, the plaintiff begged and entreated the defendant Hill to allow him to make said arrangements and to assume the payment of the Fowler debt to them.

"While said Alston was under arrest, he asked that he might see a lawyer, and the defendant Hill said that they would send for any lawyer that he wanted to see, or the officer would take him up town to see one."

The single question presented by this appeal is whether or not the court was justified in finding as a fact upon the plead-

ings that the deed of trust was executed in consideration of an agreement to stifle a criminal prosecution.

There is no question that an agreement to suppress or stifle a criminal prosecution, if made as the sole consideration for a note or conveyance of property, will avoid the transaction, and the courts will declare such contracts or deeds null and void. *Lindsay v. Smith,* 78 N. C., 329; *Griffin v. Hasty,* 94 N. C., 438; *Commissioners v. March,* 89 N. C., 268.

There are undoubtedly facts and circumstances admitted in the pleadings in this case from which it could be inferred, if such pleadings are put in evidence, that there was an agreement not to prosecute the plaintiff, and that such was the consideration for the deed in trust, but it is for the jury to draw such inference, and not the judge.

A motion for judgment upon the pleadings is in the nature of a demurrer, and every intendment must be taken against the party making such motion. Every fact necessary to be established as a basis for the judgment asked must be admitted either by a failure to deny a specific allegation or by a specific admission of the facts.

Averments in the pleadings of the moving party are not necessarily to be taken as true, unless there is an absolute failure to deny them, or unless they are specifically admitted. 31 Cyc., 605.

We do not find such admissions in these pleadings as necessarily establish as matter of law the cause of action set out in the complaint.

The cause is remanded, with direction to submit appropriate issues to a jury. The parties may amend their pleadings and make them more specific, if desired.

Reversed.