MARY CHURCHWELL, ADMX. OF E. B. CHURCHWELL, DECEASED, V. BRANCH BANKING AND TRUST CO., AND W. J. CHURCHWELL, ADMR. OF MARY E. CHURCHWELL, DECEASED.

(Filed 23 February, 1921.)

1. **Pleadings—Motions—Judgments—Demurrer.**

   Plaintiff's motion for judgment on the pleadings is in effect a demurrer to the answer, admitting the allegations of fact therein, but denying their legal sufficiency to constitute a defense.

2. **Same—Defenses—Evidence—Questions for Jury.**

   Where the plaintiff alleges that his intestate deposited a certain sum of money in defendant's bank, and the amount is claimed by the administrator of the mother of the deceased by allegation in his answer that the

plaintiff's intestate had given this deposit to his mother before his death, the co-defendant bank, alleging that the account had been transferred to the mother on its books and a new certificate of deposit issued to her, after intestate's death, in accordance with an expressed desire of the intestate that she should have it, the bank agreeing to pay the money as the Court should direct: *Held,* an admission that the deposit had been made and not drawn out by the depositor is insufficient to entitle the plaintiff to judgment on the pleadings in his favor; but that the issues made by the answer should be tried, the burden being upon the defendant to show to the jury the truth of their allegations by evidence, and therefore it was error for the trial judge to render a judgment on the pleadings in the defendant's favor.

CLARK, C. J., concurring.

APPEAL from *Cranmer, J.,* at the November Term, 1920, of WILSON.

This is an action to recover the amount ($2,000) of a deposit alleged to have been made with the defendant Banking and Trust Company on 1 September, 1917, by the plaintiff's intestate, E. B. Churchwell, who was her husband. The bank's original codefendant was Mrs. M. E. Churchwell, who was the mother of E. B. Churchwell, and upon her death the defendant W. J. Churchwell qualified as her administrator and became a party as defendant to the action.

The plaintiff claims that E. B. Churchwell made the deposit and received a pass-book, No. 5826, for the same, with the amount of the deposit entered therein. The defendant Churchwell admits the deposit by E. B. Churchwell, as we construe his answer, and that it was not paid to him, and that is about all he does admit. He denies that the money was there at E. B. Churchwell's death, or that the plaintiff is the owner of it or entitled to recover it as against his right thereto, as administrator of Mrs. M. E. Churchwell, and then he sets up defensive averments of fact in support of his claim, and particularly alleges that the right to the deposit by and with the consent and at the request of E. B. Churchwell, passed to his intestate prior to his and her death, and that plaintiff is not entitled to recover it from the bank, but that she should have judgment for it. The parties do not, it seems, substantially disagree as to what are the allegations of the pleadings, and if there is any such difference between their briefs in that respect we will settle it by referring to the statement in the bank's brief, which sets forth the substance of its answer with reference to what occurred in the bank concerning the deposit, as all of the parties refer, in one way or another, to this part of the bank's pleading, which is embraced in the following quotation from its brief:

"In paragraph four of the complaint the plaintiff says: 'The plaintiff is informed and believes, and upon such information and belief alleges, that the defendant Mary E. Churchwell is making a certain claim to said fund, and asserting that it is her individual property.'

"The defendant Branch Banking & Trust Company, answering the third paragraph of the plaintiff's complaint, says: 'It is true that on 1 September, 1917, E. B. Churchwell deposited in the savings department of this bank the sum of two thousand dollars, and in connection therewith, and in further answer to said paragraph, says that said E. B. Churchwell, when he came in said bank, stated to the officer in charge thereof that he, Churchwell, desired to make a deposit of two thousand dollars in the savings department if he could do so in such manner that his mother, Mrs. Mary E. Churchwell, could get the money at his death, and, then being in very precarious health, he further stated that if his mother could not get the said money at his death, he would not make the deposit. After some conversation with the officer of the bank, E. B. Churchwell becoming satisfied that by giving his pass-book to his mother, she could get the money, then and there made the deposit, and received pass-book No. 5826, with the name of E. B. Churchwell written thereon. That some time thereafter, while said Churchwell was confined to his room in the home of his mother, she sent the pass-book (No. 5826) to the savings department of the bank, with the request, as she said, from her son to have the fund transferred from the name of E. B. Churchwell to that of herself. Thereupon the officer in charge of the bank, having in mind the wishes and desires of E. B. Churchwell at the time he made the deposit, drew an ink line through the name of E. B. Churchwell on the ledger account in the bank and wrote the name of Mrs. W. J. Churchwell (who is the same person as Mary E. Churchwell) thereon, and issued a new pass-book, with the same number, No. 5826, to Mrs. W. J. Churchwell.'

"This new pass-book was then delivered to Mrs. W. J. Churchwell, and at the time of the death of E. B. Churchwell there was no fund or account of money in said bank in the name of E. B. Churchwell. As to which party, plaintiff as the administratrix of said E. B. Churchwell, or the defendant W. J. Churchwell, as administrator of Mary E. Churchwell, this fund belongs, the bank is unable to say, but is ready and prepared to pay the same with all interest thereon to whichever party the court may by judgment direct. The position of the defendant bank, being that his Honor below committed no error in refusing the plaintiff's motion for judgment on the pleadings, but that the pleadings raised issues of fact to be determined by the jury, under proper instructions from the court."

The section of the bank's answer which is copied from its brief shows that the bank is a mere stakeholder, and has no further interest in the controversy than to pay the money to its true owner, as established by the judgment of the court upon the facts as they may finally be ascertained.

The plaintiff, after the jury had been impaneled, moved for judgment upon the pleadings. This motion was refused, and she excepted, plaintiff stating that she had no evidence to offer other than the admissions in the pleadings. Judgment was entered refusing the motion, and further providing "that the plaintiff take nothing by the action, and that defendants go without day and recover their costs." Plaintiff appealed.

*W. A. Finch and J. S. Manning for plaintiff.*
*Connor, Hill & Little for defendant Churchwell.*
*S. G. Mewborn for defendant bank.*

WALKER, J., upon the above statement, delivered the following opinion for the Court: The refusal of the plaintiff's motion for judgment on the pleadings was manifestly correct. The plaintiff seeks to recover of the defendant bank the amount of the deposit made by her intestate, and the other defendant was made a party because she claimed an interest in the controversy, as her intestate had asserted ownership of the deposit by transfer to her, made by plaintiff's intestate, who was her son, just before his death.

The answers of the defendants are not so framed as to constitute judicial admissions of the plaintiff's cause of action, but, apart from the two admissions above stated, they merely state generally certain facts of a defensive character. We do not find such admissions in these pleadings as necessarily establish, as matter of law, the plaintiff's right to recover. The bank, it must be clearly understood, does not claim the fund, but admits that it holds it indifferently, as between the other parties, to await the decision of the court upon the question of its ownership. We will not undertake to pass upon the legal validity of the defenses until the facts are found, as the evidence may not support the defensive allegations, and the jury may find against defendants in respect to them, or the legal aspect of the case, if these allegations, for the time and for the sake of discussion, are admitted, may otherwise be changed so as to present entirely different questions of law. When we closely analyze the pleadings, we find that the only essential facts, which were admitted outright by the defendants, were that plaintiff's intestate deposited the money in the Banking and Trust Company, and that it had not been paid to him. Practically every other allegation is denied by the defendant administrator, either directly or by pleading new facts in explanation or defense and the banking company couples its admission of the deposit with averment of new matter. These answers, both of them, raise issues of fact, which should have been submitted to the jury.

The motion of plaintiff for judgment on the pleadings was in effect a demurrer to the answers, and being such, admitted the truth of the alle-

gations of fact therein, but denied their legal sufficiency to constitute a defense. *Helms v. Holton,* 152 N. C., 587, 590. A motion for judgment upon the pleadings is in the nature of a demurrer, and every intendment must be taken against the party making such motion. Every fact necessary to be established as a basis for the judgment asked must be admitted either by a failure to deny specific allegations or by a specific admission of the facts, and averments in the pleadings of the moving party are not necessarily to be taken as true, unless there is an absolute failure to deny them, or unless they are so specifically admitted. *Alston v. Hill,* 165 N. C., 258; 31 Cyc., 605. We will, therefore, await the response of the jury to the issues of fact submitted to them before deciding the question of ownership, but approve the ruling of the court upon plaintiff's motion.

The judge, though, erred in further adjudging that defendants go hence without day, and taxing plaintiff with the costs of the action. This took her case out of court; whereas, she was entitled to stay in and have the issues determined. Her stating that she had no evidence other than the admissions of the pleadings to offer did not deprive her of this right. She had a *prima facie* case, or acquired the right to carry her case to the jury, by virtue of the two admissions. If the bank received the fund, and has not paid it to the depositor or to his representative, on demand, it is liable to plaintiff, unless in some way excused for the default, and the burden of showing this is upon it. If the other defendant claims the fund, he must show it. 5 Cyc., 517; *Egbert v. Payne,* 99 Pa. St., 239; *Bank v. Frankish,* 91 Pa. St., 339; *Graham v. Williams,* 21 La. Ann., 594; 9 C. B., 509; 67 E. C. L., 509. "A deposit should not be transferred from one account to another without ample authority, and what is sufficient authority is a question of fact (and law), which is to be answered whenever it arises." 5 Cyc., 518, and cases in notes 66 and 67. She says that her son gave it to her, the gift to take effect during his life, and further, that in accordance with his request or direction, he having turned over his pass-book to her, which she delivered to the bank, it was duly transferred to her on the ledger of the bank, and a new pass-book, having the same number, was issued to her.

The administrator of Mrs. Mary E. Churchwell relies much upon the allegation that his pass-book in the savings bank was delivered to her by her son, and that the transfer on the books of the bank was made during his lifetime, as constituting a valid gift *inter vivos.* There is some authority for the position (Magee on Banks and Banking (2 ed.), p. 336, citing *Goodrich v. Rutland Savings Bank,* 81 Vt., 147), but we merely refer to it without giving any opinion or intimation in regard to its correctness, as we are not called upon to do so at this time.

It is apparent that in the present state of the case we cannot determine who is the owner of the fund until the controverted facts are settled, one way or the other. Whether the defendants, or either of them, can establish, by legal evidence, the defenses pleaded is not now for us to say. They have, though, the right to be heard.

The ruling of the learned judge as to the motion of plaintiff is approved, and she will be taxed below with the costs of the motion. The remainder of the judgment was erroneous, and is reversed. The case will be tried in the usual course. The costs of this Court will be divided, plaintiff to pay one-half and defendants the other half.

Error.

CLARK, C. J., concurring: The plaintiff, who is the widow and administratrix, alleges in her complaint that her husband deposited $2,000 in the defendant bank, for which she brings this action to recover from the defendant bank, and makes the administratrix of her late husband's mother a codefendant. Both defendants answer and admit the deposit, but aver that during the lifetime of the plaintiff's intestate he transferred the deposit to his mother by giving her his pass-book, which she carried to the bank, and on its presentation to the bank the deposit was transferred to her during his life, in accordance with the printed regulations in the pass-book; and further, that when he made the deposit he stated to the bank that it was to go to his mother.

The plaintiff put on no evidence, and the court properly refused her motion for judgment upon the pleadings.

It was error, however, to direct a nonsuit for the answer, not setting up a counterclaim, was not to be taken as true because no denial was filed in reply. C. S., 543. It was therefore incumbent upon the defendant to put in proof before the jury of the matters set up in defense as to the validity of the assignment. The answer admitted that the deposit was made in the name of the plaintiff's intestate, but the allegation of the assignment was matter in defense, and was therefore to be proven, though the plaintiff did not file a denial.

The plaintiff was properly taxed with costs of the motion, and at the discretion of this Court the costs of appeal were equally divided. C. S., 1256.