J. D. BARNES v. PEOPLES BANK AND TRUST COMPANY.

(Filed 19 October, 1927.)

1. **Banks and Banking—Bills and Notes—Checks—Collection—Currency.**
   A bank taking a check for collection is ordinarily required to accept therefor only money or currency in the usual and established methods among banks in such instances.

**2. Same — Negligence — Clearing .House — Customers — Knowledge and Consent of Depositors.**

Where a depositor at a bank places therein a cashier's check of another bank for collection, and both the depositor and the bank knew that the payee bank could not pay it, and the collecting bank with the depositor's authority used the method of the clearing house in such instances in receiving a check for the amount, and proceeded with due diligence to collect it : *Held,* the bank of deposit for collection is not liable to its depositor as a matter of law for the nonpayment of the clearing house check it had thus received, it coming within the exception to the general rule of law.

**3. Pleadings—Judgments—Admissions—Demurrer.**

A judgment upon the pleadings on plaintiff's motion is in effect a demurrer to the answer, and every material allegation therein, and every reasonable inference therefrom, are considered on the motion as admitted.

APPEAL by defendant from *Harris, J.,* at the April Term, 1927, of JOHNSTON. Reversed.

Mrs. Barnes, the plaintiff, resides in Selma, and the defendant is engaged there in the business of banking. In her complaint she alleged that on 11 April, 1925, she deposited with the defendant a cashier's check issued to her by the First National Bank of Selma for $4,800, and that the defendant gave her a receipt or deposit slip for this sum; that on 5 May, 1925, she drew a check for this amount on the defendant in favor of O. P. Dickinson, who on the same day presented it to the defendant, by whom payment was refused, and that the check was then returned to her. She alleged that the defendant presented the cashier's check to the First National Bank of Selma and accepted in payment of this and other checks two drafts drawn on other banks by the First National Bank of Selma, aggregating $13,349.15 which, on or about 14 April, 1925, were returned to the defendant unpaid; that the defendant, without authority from her, failed to collect money on the cashier's check; negligently failed to exercise due diligence in making the collection, and that the defendant by reason of its default was indebted to her in the sum of $4,800 with interest.

In its answer the defendant denied some of the material allegations and alleged that it accepted the cashier's check for collection only; that it accepted from the First National Bank of Selma two checks or drafts on other banks, knowing it had not then in its banking house money enough to pay either of said checks; that the acceptance of such checks or drafts was the customary procedure which had been followed by both banks for many years in clearing their collections, and was generally observed; that when she received the cashier's check the plaintiff knew the First National Bank could not pay her in cash, and that the

defendant received the check only for the purpose of collecting it in the method generally employed in these circumstances.

The trial judge gave judgment on the pleadings for the plaintiff's recovery of $4,800, less $468.85, with which her account had been credited, with interest and costs.

The defendant excepted and appealed.

*O. P. Dickinson, Bryce Little, and Oliver G. Rand for plaintiff.*
*Ed. Ward and Abell & Shepard for defendant.*

ADAMS, J.   The plaintiff's motion for judgment on the pleadings was in the nature of a demurrer to the answer, admitting the truth of the allegations therein, but denying their legal sufficiency to constitute a defense.   For this reason the answer should be liberally construed and every intendment should be taken against the plaintiff; or, conversely, to warrant the judgment the allegations which are essential as a basis for it should be admitted.   *Pridgen v. Pridgen,* 190 N. C., 102; *Churchwell v. Trust Co.,* 181 N. C., 21; *Alston v. Hill,* 165 N. C., 255.

On 11 April, 1925, the defendant received from the plaintiff a cashier's check for $4,800, which had been given her by the First National Bank of Selma, and on the same day presented to the issuing bank this check and others held against it by the plaintiff's children, and accepted from it in substitution two drafts, one of which, covering the plaintiff's check, was drawn on the Federal Reserve Bank of Richmond, Virginia, for $12,847.15, and was afterwards returned unpaid. This was admitted.

It may be stated as a general rule that an agent for collection has no authority to receive payment in anything but money.   In *Ward v. Smith,* 7 Wal., 447, 19 Law Ed., 207, it is said: "That the power of a collecting agent, by the general law, is limited to receiving for the debt of his principal that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par, is established by all the authorities."   *Moye v. Cogdell,* 69 N. C., 93; *Bank v. Kenan,* 76 N. C., 340; *Bank v. Grimm,* 109 N. C., 93; *Bank v. Brightwell,* 71 A. S. R., 608; *Bank v. Bank,* 74 A. S. R., 527; *Minneapolis Co. v. Bank,* 77 A. S. R., 628; *Brown v. Bank,* 52 L. R. A. (N. S.), 652.   In Michie's Banks and Banking, page 1395, the law is thus stated: "In the absence of special authority or well-established custom to the contrary, a bank with which paper is deposited for collection has no authority to accept anything but money as payment."   Exceptions to the general rule are recognized also in *Malloy v. Federal Reserve Bank,* as reported in 281 Fed., 997, 1005, and in

264 U. S., 160, 68 Law Ed., 617. In the former this conclusion was announced: "The authorities appear to be practically uniform in holding that, in the absence of any instruction or permission from the owner of the check, or any custom brought to the notice of such owner to the contrary, the bank had no authority to accept or receive in payment of the check intrusted to it for collection anything other than money"; and in the latter, certainty and uniformity as essential qualities of such custom are clearly pointed out.

There can be no question that it was the defendant's duty to exercise due care to collect the plaintiff's check. 1 Morse on Banks and Banking, sec. 218; *Bank v. Kenan, supra.* But the defendant denied negligence and denied that it had acted without the plaintiff's authority. This in effect was an allegation that it exercised due care and had the plaintiff's assent to the course it pursued. More than this: it was alleged in the answer that the plaintiff, as well as the defendant, knew when the checks were presented to the First National Bank of Selma for collection that the bank did not have money enough to pay either of the checks; moreover, that the only way in which it could pay the plaintiff's check was by the usual method of clearing its collections. The object of these allegations, we take it, was to justify the defendant's acceptance of the checks as falling within exceptions to the general rule.

In giving judgment for the plaintiff upon the pleadings there was error.

Reversed.