BARBARA ANN OLDHAM, BY HER NEXT FRIEND, RUFUS W. REYNOLDS, v. J. FRANK ROSS AND ANNIE V. ROSS, ADMINISTRATORS OF THE ESTATE OF JULIUS F. ROSS, DECEASED.

(Filed 4 January, 1939.)

**1. Pleadings § 28—**

Ordinarily a motion for judgment on the pleadings is interposed by the party seeking affirmative relief, in which case it admits facts alleged in defense and challenges the sufficiency of such facts to constitute a defense.

**2. Same—**

>    Judgment on the pleadings cannot be rendered against the party seek-
>    ing affirmative relief when the allegations upon which the prayer for
>    relief is based are denied, since such judgment must be based upon facts
>    established by failure of specific denial or by specific admissions.

APPEAL by plaintiff from *Phillips, J.,* at October Term, 1938, of
GUILFORD.    Reversed.

This is a civil action to recover damages for breach of contract
alleged to have been made by defendants' intestate to devise property to
plaintiff.

The material allegations of the complaint requiring consideration
are in substance as follows: That the parents of the plaintiff cultivated
the lands of the defendants' intestate on a half share basis, and rendered
various services to the deceased, who was aged and infirm; that the
deceased fell and broke his arm and was removed to the home of plain-
tiff's parents for treatment; that he developed a severe attack of pneu-
monia, during which time they nursed and cared for him; that upon
his recovery the deceased returned to his home, and, in about two months
thereafter, approached plaintiff's parents, expressed appreciation for
their care, service, and attention, and requested that he be allowed to
come and live with them and have them to continue to look after him;
that he stated that he had considerable property, and that if plaintiff's
parents would permit him to remove to their home and they would look
after him they would be well compensated for the services they had
theretofore and would thereafter render, and stated that after they had
been fully compensated he would leave such property as he might have
remaining to the plaintiff; that in consequence of such promises, plain-
tiff's parents took the deceased into their home and rendered to him
such services as were incident to the care and attention of an aged and
infirm person who was incapable of looking after himself; and that the
deceased died without fulfilling his promise to devise his property to
the plaintiff.

Each and every allegation in the complaint relating to the alleged
contract or promises, and relating to the services rendered, is denied in
the answer.

After filing answer, in which the material allegations are denied, the
defendants moved for judgment on the pleadings.    Upon the hearing
of the motion judgment was entered allowing the motion and decreeing
that the plaintiff have and recover nothing of the defendants.    Plain-
tiff excepted and appealed.

*W. Henry Hunter and Harry Rockwell for plaintiff, appellant.*

*Douglas & Douglas, T. J. Hill, and York & Boyd for defendants,
appellees.*

PER CURIAM. It is not specifically alleged in the complaint that the alleged agreement made by defendants' intestate was or was not in writing and that the complaint does not sufficiently state a cause of action is not challenged by demurrer, the accepted method of raising this issue of law. C. S., 511. A motion for judgment on the pleadings is one ordinarily interposed by the litigant seeking affirmative relief. When so interposed it admits the facts alleged in defense and challenges the sufficiency of such facts to constitute a defense. *Barnes v. Trust Co.,* 194 N. C., 371, 139 S. E., 689; *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419; *Churchwell v. Trust Co.,* 181 N. C., 21, 105 S. E., 889. Judgment cannot be rendered upon the pleadings against the party seeking affirmative relief when the allegations upon which the prayer for relief is based are denied. Every fact necessary to be established as a basis for the judgment asked must be admitted either by a failure to deny specific allegations or by specific admissions of the facts. Here the defendants specifically denied both the contract and the rendition of services. See *Alston v. Hill,* 165 N. C., 255, 81 S. E., 291; *Dix-Downing v. White,* 206 N. C., 567.

The judgment below is

Reversed.