THE CITY OF RALEIGH v. MRS. KARLIE KEITH FISHER, F. HERBERT FISHER, AND W. THOMAS FISHER, INDIVIDUALLY AND AS CO-PARTNERS DOING BUSINESS AS FISHER'S BAKERY AND SANDWICH COMPANY.

(Filed 22 November, 1950.)

**1. Pleadings § 28—**

A motion for judgment on the pleadings is in the nature of a general demurrer, and its purpose is to test the sufficiency of the adversary's pleading to state facts which constitute a cause of action or a defense, admitting for the purpose the truth of all well pleaded facts in the pleading of the adversary and the untruth of movant's allegations which are controverted by them.

**2. Statutes § 15—**

Where a statute or an ordinance expressly repeals a former and at the same time re-enacts all or some of the provisions of the statute or ordinance repealed, the provisions re-enacted continue in force without interruption.

**3. Municipal Corporations § 37—Answer held to show violation of zoning regulations.**

Where it appears from the facts alleged in the answer that defendants were issued a building permit for a residence and thereafter erected a dwelling but conducted a commercial enterprise thereat notwithstanding that the premises were located in a residential district as prescribed by an ordinance then in effect and also a subsequent ordinance which repealed the former but re-enacted the provisions requiring building permits and certificates of occupancy and prohibiting the maintenance of businesses in residential districts, *held* the answer establishes violation of the zoning regulations from the inception of such use, and that such use does not come within the saving clause of the second ordinance stipulating that its provisions should not impair the force of building permits theretofore issued or interfere with the continuance of a use theretofore lawful.

**4. Municipal Corporations § 6—**

A function of a municipality which is discretionary, political, legislative, or public in nature and performed for the public good in promotion or protection of the health, safety, security or general welfare of its citizens, is a governmental function.

**5. Municipal Corporations § 37—**

In enacting and enforcing zoning regulations a municipality acts as an agency of the State in the exercise of a delegated police power.

**6. Constitutional Law § 11—**

The police power is that power inherent in the State to prohibit things hurtful to the health, morals, safety, and welfare. This power cannot be contracted away or lost by estoppel or by any other mode.

**7. Municipal Corporations § 37: Estoppel § 10—**

A municipal corporation cannot be estopped from enforcing a valid zoning regulation because of the conduct of its officials in permitting or even

encouraging its violation by issuing a permit for a permissive use with knowledge that the owner intended to use it for a prohibited purpose or by acquiescing in such unlawful use over a period of years.

**8. Municipal Corporations § 40—**

A municipality may enjoin a violation of its zoning ordinances. G.S. 160-179.

APPEAL by defendants from *Williams, J.,* at the April Term, 1950, of WAKE.

Civil action by municipality to enjoin landowners from carrying on business in a residential district in violation of a zoning ordinance.

On 20 April, 1923, the City of Raleigh, acting through its legislative body, adopted a comprehensive zoning ordinance dividing the municipality into clearly designated business, neighborhood business, industrial, residence, and unrestricted districts, and imposing various limitations on the alteration and construction of buildings, and the use of real property in each of such districts.

Briefly stated, the zoning ordinance prescribed that no real property in the city should be used for any purpose other than a purpose permitted in the district in which the property was located, and prohibited the establishment or maintenance of businesses in residential districts. It made it unlawful for any person to construct a new building or to alter an existing one without a permit from the building inspector of the city, and forbade the building inspector to issue a permit unless the plans, specifications, and proposed use of the building complied in all respects with the zoning regulations. It also specified that it should be "unlawful to use . . . any building or land or part thereof hereafter created, erected, altered, changed, or converted wholly or partly in its use or structure" without a certificate of occupancy from the building inspector, and decreed that the building inspector should not grant such certificate unless "said building or land or the part thereof so created, erected, altered, changed, or converted, and the proposed use thereof" conformed with all the requirements of the zoning regulations. The ordinance expressly exempted from its operation, however, all nonconforming structures and uses existing at the time of its adoption.

On 9 November, 1944, the City of Raleigh, acting through its legislative body, adopted a lengthy ordinance, which became effective 1 December, 1944, and which professed to repeal the ordinance of 20 April, 1923, and to set up another comprehensive zoning plan for the municipality. The new ordinance re-enacted in substantially the same terms numerous provisions of the old, including those requiring building permits and certificates of occupancy, those specifying the permitted uses of property in residence districts, and those prohibiting the establishment or mainte-

nance of businesses in residential districts. It does not exempt from its operation nonconforming structures or uses existing at its enactment or effective date. But it permits the "continuance of any use of land or buildings which now legally exists" (section 10) ; does not "repeal, abrogate, annul, or in any way . . . impair or interfere with any . . . permits previously . . . issued" (section 26) ; and does not "require any change in the plans, construction, designated or intended use of a building, for which a building permit has been heretofore issued" (section 28).

This action was instituted by the plaintiff, the City of Raleigh, on 8 August, 1949, to enjoin the defendants "from conducting business operations, and particularly the business of operating a bakery and sandwich company" upon certain premises in Raleigh known as 2512 Everett Avenue on the theory that the conduct sought to be enjoined constitutes a violation of the zoning ordinance of the city. As a basis for the injunctive relief prayed, the plaintiff filed a verified complaint alleging these things :

The plaintiff adopted the zoning ordinances of 20 April, 1923, and 9 November, 1944, in its capacity as a municipal corporation. The premises at 2512 Everett Avenue are now, and ever since 20 April, 1923, have been within the borders of a residence district as defined by the zoning ordinances of the city. After the passage of the first ordinance and before the enactment of the second, these premises, which were then vacant land, were bought by the *feme* defendant, Mrs. Karlie Keith Fisher, who soon applied for and obtained building permits authorizing her to construct a residence on the property. Shortly thereafter she erected a dwelling house on the premises under color of these permits. The building inspector of the city has never issued any certificate of occupancy, however, permitting the use of the building and land by any person for any purpose. Notwithstanding the want of such certificate and the location of the premises within a residence district of the city, the *feme* defendant and her associates, F. Herbert Fisher and W. Thomas Fisher, trading as "Fisher's Bakery and Sandwich Company," entered into the actual occupation of the premises upon the completion of the building, and ever since that time have been carrying on a substantial commercial business, to wit, a bakery and a sandwich company, "on the said lands and within the said building." On 4 August, 1948, the governing body of the City of Raleigh notified the defendants by a formal resolution "to discontinue their business operations within said residential district." The defendants have refused to heed such notice, and "will continue to operate their bakery and sandwich business within said residential district . . . unless they are restrained and enjoined by court decree."

The defendants answered, admitting all the factual averments of the complaint and alleging these additional matters: Although the vacant land at 2512 Everett Avenue was situated in a residence district of the City of Raleigh within the purview of the ordinance of 1923, the *feme* defendant bought the property from the City of Raleigh in 1936 upon the understanding that she would erect a residence upon it, and that the defendants would use such residence in carrying on a bakery and sandwich business on the premises. Pursuant to this understanding, the *feme* defendant constructed a residence upon this property in 1938 under building permits issued to her by the building inspector of the city, and ever since that time the defendants have used the residence in carrying on a constantly expanding bakery and sandwich business upon the premises. All of the actions of the defendants in this connection antedating the resolution of 4 August, 1948, were done with the full approval and consent of the officials of the City of Raleigh. Indeed, the City of Raleigh has collected from the defendants an annual "privilege tax for the conduct of a bakery" during the nine years next preceding the bringing of the action. Relying upon the knowledge of the officials of the City of Raleigh as to their intentions, the defendants "have increased their facilities for the operation of their business until at present time they have invested in said premises and business at least $75,000.00," which will be lost in case they are precluded from continuing their commercial operations at 2512 Everett Avenue.

The defendants concluded that the conduct sought to be enjoined does not constitute a violation of the zoning regulations because their business and property are exempt from the operation of such regulations under sections 10, 26, and 28 of the zoning ordinance of 1944, and that the City of Raleigh is estopped from bringing this suit for an injunction against them even if the conduct sought to be enjoined does constitute a violation of the zoning regulations because its officials have encouraged and permitted such conduct for at least ten years.

The court granted the motion of the plaintiff for judgment upon the pleadings, and entered a final decree enjoining the defendants "from and after the first day of September, 1951, from conducting business operations, and particularly the business of operating a bakery and sandwich company" upon the premises at 2512 Everett Avenue. The defendant excepted to the judgment, and appealed, assigning errors.

*Wm. C. Lassiter and James H. Walker for plaintiff, appellee.*
*John W. Hinsdale for defendants, appellants.*

ERVIN, J. The appeal is from a judgment on the pleadings. A court of record has inherent power to render judgment on the pleadings where

the facts shown and admitted by the pleadings entitle a party to such judgment. 49 C.J., Pleading, section 944.

A motion for judgment on the pleadings is in the nature of a general demurrer. *Pridgen v. Pridgen,* 190 N.C. 102, 129 S.E. 419. Its function is to raise this issue of law: Whether the matters set up in the pleading of an opposing party are sufficient in law to constitute a cause of action or a defense. *Adams v. Cleve,* 218 N.C. 302, 10 S.E. 2d 911.

When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of his adversary; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary. *Oldham v. Ross,* 214 N.C. 696, 200 S.E. 393; *Church-well v. Trust Co.,* 181 N.C. 21, 105 S.E. 889; *Alston v. Hill,* 165 N.C. 255, 81 S.E. 291; *Helms v. Holton,* 152 N.C. 587, 67 S.E. 1061.

For this reason, a motion for judgment on the pleadings constitutes an appropriate remedy where the pleading of the opposite party is so fatally deficient in substance as to present no material issue of fact. *Dunn v. Tew,* 219 N.C. 286, 13 S.E. 2d 536; *Penny v. Ludwick,* 152 N.C. 375, 67 S.E. 919. A plaintiff is entitled to judgment on the pleadings where the answer admits every material averment in the complaint and fails to set up any defense or new matter sufficient in law to defeat his claim; and a defendant is entitled to judgment on the pleadings where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant. *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148, 160 A.L.R. 460; *Mitchell v. Strickland,* 207 N.C. 141, 176 S.E. 468.

The first issue of law raised by the plaintiff's motion for judgment on the pleadings is whether the admitted acts of the defendants constitute a violation of the zoning ordinance of the City of Raleigh.

Although the zoning ordinance of 9 November, 1944, professed to repeal the zoning ordinance of 20 April, 1923, it simultaneously re-enacted in substantially the same terms the provisions of the old ordinance requiring building permits and certificates of occupancy, prescribing permitted uses of property in residence districts, and prohibiting the establishment or maintenance of businesses in residence districts. This being true, these provisions have been in force at all times since their original enactment on 20 April, 1923; for it is well settled "that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities thereunder are preserved and may be enforced." 50 Am. Jur., Statutes, section 555; *Brown v. Brown,* 213 N.C. 347, 196 S.E. 333.

The answer admits that the premises at 2512 Everett Avenue have been located in a residence district of the City of Raleigh since 1923; that the defendants have been conducting a commercial business upon such premises since 1938; and that the building inspector of the City of Raleigh has never issued a certificate of occupancy authorizing the defendants to use such premises for any purpose. Hence, the pleading of the defendants makes it plain that they are now, and ever since 1938 have been, engaged in a twofold violation of the zoning ordinance of the City of Raleigh.

Sections 10, 26, and 28 of the ordinance of 9 November, 1944, have no application to this litigation. As the defendants have been acting in contravention of the zoning regulations at all times since 1938, it cannot be said that they are simply continuing a use of the premises which was legal at the effective date of the new ordinance or at any other time. The building permits authorized the *feme* defendant to erect the building at 2512 Everett Avenue for a "designated or intended use," to wit, a residence. The plaintiff does not prosecute this action against the defendants to "repeal, abrogate, annul, or in any way impair or interfere with" such building permits, or to "require any change in the plans, construction, (or) designated or intended use" of the building erected under them.

The second issue raised by the plaintiff's motion for judgment on the pleadings is whether the City of Raleigh is estopped to enforce its zoning ordinance against the defendants by the fact that its officials have encouraged or permitted them to violate it for at least ten years.

The motion admits the truth of the factual averments in the answer. In consequence, it must be taken for granted that the *feme* defendant bought the land at 2512 Everett Avenue and erected a residence on it upon an understanding that the officials of the City of Raleigh would permit the premises to be used for business purposes in violation of the zoning ordinance putting such premises in a residence district; that at all times between the year 1938 and 4 August, 1948, the officials of the City of Raleigh knowingly encouraged or permitted the defendants to devote the premises in question to business purposes in violation of the zoning ordinance restricting them to residential uses; and that the defendants made substantial outlays of money in their business and upon their property in reliance upon their belief that the officials of the City of Raleigh would permit them to continue the use of the premises at 2512 Everett Avenue for commercial purposes in violation of the zoning ordinance.

Even so, the second issue of law raised by the plaintiff's motion must be resolved against the defendants.

The zoning ordinance was adopted by the City of Raleigh, a municipal corporation, under statutes originally embodied in Chapters 169 and 246

of the Public-Local Laws of the Extra Session of 1921 and Chapter 250 of the Public Laws of 1923.

"A municipal corporation is dual in character and exercises two classes of powers—governmental and proprietary. It has a twofold existence—one as a governmental agency, the other as a private corporation. Any activity of the municipality which is discretionary, political, legislative or public in nature and performed for the public good in behalf of the State, rather than for itself, comes within the class of governmental functions . . . While acting in behalf of the State in promoting or protecting the health, safety, security, or general welfare of its citizens, it is an agency of the sovereign." *Green v. Kitchin,* 229 N.C. 450, 50 S.E. 2d 545; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42.

In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State. *Kinney v. Sutton,* 230 N.C. 404, 53 S.E. 2d 306; *Elizabeth City v. Aydlett,* 201 N.C. 602, 161 S.E. 78; *S. v. Roberson,* 198 N.C. 70, 150 S.E. 674. The police power is that inherent and plenary power in the State which enables it to govern, and to prohibit things hurtful to the health, morals, safety, and welfare of society. *Drysdale v. Prudden,* 195 N.C. 722, 143 S.E. 530; *Skinner v. Thomas,* 171 N.C. 98, 87 S.E. 976. L.R.A. 1916E, 338. In the very nature of things, the police power of the State cannot be bartered away by contract, or lost by any other mode.

This being true, a municipality cannot be estopped to enforce a zoning ordinance against a violator by the conduct of its officials in encouraging or permitting such violator to violate such ordinance in times past. *Leigh v. Wichita,* 148 Kan. 607, 83 P. 2d 644, 119 A.L.R. 1503, and cases noted in the ensuing annotation. See these North Carolina decisions: *Jenkins v. Henderson,* 214 N.C. 244, 199 S.E. 37; *S. v. Finch,* 177 N.C. 599, 99 S.E. 409; *Bank v. Commissioners,* 119 N.C. 214, 25 S.E. 966, 34 L.R.A. 487; *S. v. Beavers,* 86 N.C. 588; *Wallace v. Maxwell,* 32 N.C. 110, 51 Am. Dec. 380; *Candler v. Lunsford,* 20 N.C. 542.

Undoubtedly this conclusion entails much hardship to the defendants. Nevertheless, the law must be so written; for a contrary decision would require an acceptance of the paradoxical proposition that a citizen can acquire immunity to the law of his country by habitually violating such law with the consent of unfaithful public officials charged with the duty of enforcing it.

The pertinent statute expressly provides that an injunction may be secured by a municipality to prevent a violation of a zoning ordinance. G.S. 160-179.

For the reasons given, the judgment is
Affirmed.