MECKLENBURG COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA v. JOHN R. WESTBERY AND WIFE, PATRICIA WESTBERY

No. 7626SC724

(Filed 6 April 1977)

1. Rules of Civil Procedure § 56— summary judgment — immaterial issue of fact

A question of fact which is immaterial does not preclude summary judgment.

2. Counties § 5; Municipal Corporations § 30— absence of building permit — injunction for removal of structure

In an action to obtain an injunction requiring defendants to remove a certain structure from land owned by them, an issue of whether the structure was a storage structure or a mobile home was immaterial and could not be grounds for the denial of summary judgment where defendants had no valid building permit for the structure and its presence on their land was thus in violation of G.S. 153A-357 and the county zoning ordinance.

3. Municipal Corporations § 30— building permit — revocation — substantial expenditures

Landowners did not acquire a vested right to construct a storage structure on their land pursuant to a building permit which was revoked, notwithstanding they incurred substantial expense in good faith reliance upon the permit before it was revoked, where the planned usage of the property was illegal from its inception and the permit was mistakenly issued.

4. Municipal Corporations § 30— installation of mobile home — necessity for building permit

The installation of a mobile home constitutes the construction of a building within the meaning of the statute requiring a building permit, G.S. 153A-357, and injunctive relief is available to prevent a violation of that statute. G.S. 153A-372.

APPEAL by defendants from *Grist, Judge.* Judgment entered 25 June 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 February 1977.

Plaintiff sought, and upon hearing of its motion for summary judgment, obtained an injunction ordering defendants to remove a certain structure from their premises at 108 Auten Avenue.

The pleadings, an affidavit and a deposition of defendant John Westbery, stipulations, and other matter supporting plaintiff's motion, established the following facts:

1. On 17 October 1974, Mr. Westbery applied to the Mecklenburg County Building Inspection Department for a permit to place on the premises at Auten Avenue a 40' x 60' storage building. Mr. Westbery applied for the permit under the good faith belief that he was entitled to have it issued.

2. The permit was issued under the mistaken belief that the property on which the structure was to be placed was in an industrial zone. In fact, defendants' property on Auten Avenue was divided between two zoning districts. The part of the property on which the structure was to be placed was zoned residential, not industrial.

3. Mr. Westbery was unable to find a 40' x 60' structure, and instead purchased a 24' x 70' structure from Charlotte Mobile Sales with a down payment of $7,100.00 and balance due of $18,000.00.

4. By notice dated 31 October 1974, Mr. Westbery was informed by a zoning inspector that he was in violation of the zoning ordinance prohibiting mobile homes in an R-9 residential district and was "advised to remove the mobile home from the premises."

5. By letter dated 4 November 1974, Mr. Westbery was informed by the Building Inspection Department that the building permit issued 17 October 1974 had been revoked because it "was issued in error. The zoning should have been R-9, Residential where storage buildings of this size are prohibited." Defendants did not appeal this revocation.

6. On 6 January 1975, the County Commission denied defendants' petition to have their property rezoned Rural. (The zoning ordinance permitted mobile homes in districts zoned Rural.)

7. By notice dated 21 January 1975, Mr. Westbery was advised by the zoning inspector that a show cause hearing would be held on 30 January to determine why the notice of violation dated 31 October 1974 should not be enforced.

8. At the hearing before the zoning administrator on 30 January 1975, Mr. Westbery stated that he was arranging to

have the structure moved to Lake Wiley and requested thirty days to remove it from the premises on Auten Avenue.

9. By notice dated 3 February 1975, Mr. Westbery was advised by the zoning administrator "to remove the mobile home from the property on or before February 28, 1975, . . . "

10. On 13 February 1975, Mr. Westbery applied for a permit to place a 24' x 70' R-Anel mobile home at 108 Auten Avenue. The zoning administrator denied the permit. On 25 February 1975, Mr. Westbery appealed to the Board of Adjustment, stating that the ground for appeal was that he had "erected a 'single family dwelling' on the premises" and that he had "been instructed to remove said structure and no permit has been granted to allow an electrical hookup."

11. On 12 March 1975 the Board of Adjustment met to consider the appeal and heard testimony from two zoning inspectors, the zoning administrator, Mr. Westbery's attorney, and two neighbors of Mr. Westbery. The Board denied the appeal and found the following facts:

"(a) Subject property is zoned R-9.

(b) There was substantial departure from the information submitted on permit # 107142 issued 10-14-74 which was sufficient grounds for revocation.

(c) That the mobile home meets the definition of a mobile home as outlined in Section 2-31 of the Zoning Ordinance and should not be permitted in the R-9 District.

(d) The Zoning Administrator did not commit an error in denying the permit for a mobile home on subject property."

Defendants did not petition the Superior Court for review of the decision.

12. By certified letter dated 29 April 1975, Mr. Westbery was advised by the zoning administrator that legal proceedings would be initiated unless notification of intention to comply was received.

13. The complaint seeking injunctive relief, filed on 23 June 1975, alleged that

"34. The continued presence of the *structure* on the premises is in direct defiance of the Zoning Ordinance of

Mecklenburg County *and the General Statutes of North Carolina.*" (Emphasis added.)

Plaintiff requested that defendants "show cause why a temporary injunction should not be issued requiring the Defendants to move the existing structure from the premises which is zoned R-9. . . . " Defendants moved to dismiss the complaint on the grounds that plaintiff was not entitled to injunctive relief in seeking to enforce its ordinances. From judgment granting plaintiff's motion for summary judgment and ordering the defendants "to remove the structure from the premises . . . " , defendants appealed.

*Ruff, Bond, Cobb, Wade & McNair by Hamlin L. Wade for plaintiff appellee.*

*Curtis and Millsaps by Cecil M. Curtis for defendant appellants.*

CLARK, Judge.

G.S. 1A-1, Rule 56 permits a summary judgment upon a showing of two conditions: (1) that there is no genuine issue as to any material fact, and (2) that one party is entitled to a judgment as a matter of law.

In the present appeal defendant brings forward three assignments of error. Though not precisely categorized as such, one assigns error to the determination that no genuine issue existed as to any material fact, and two assign error to the determination that plaintiff is entitled to judgment as a matter of law.

Defendants' first assignment concerns conclusions by the trial court that there was no issue as to whether the structure in question was a mobile home. Defendants cite evidence in the record tending to show that the structure has never been occupied nor is equipped to be occupied for living, and cite the definition of a mobile home in the Mecklenburg County Zoning Ordinance, which refers to "a moveable or portable *dwelling* place." Defendants contend that a genuine issue exists whether the structure in question is a "dwelling" place or a storage structure, and therefore whether it is a mobile home as defined in the zoning ordinance.

[1, 2]  A question of fact which is immaterial does not preclude summary judgment. *Railway Co. v. Werner Industries,* 286 N.C. 89, 209 S.E. 2d 734 (1974) ; *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). An issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. *Zimmerman v. Hogg & Allen,* 286 N.C. 24, 209 S.E. 2d 795 (1974) ; *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972). Whether the structure in question was a storage structure or a mobile home is of no consequence in this case, since in either event defendants had no building permit for the structure. G.S. 153A-357 provides that "No person may commence or proceed with : (1) The construction . . . of any building . . . without first securing from the inspection department with jurisdiction over the site of the work each permit required by . . . local ordinance . . . . " Section 14-2 of the Mecklenburg County Zoning Ordinance requires a permit from the zoning administrator before "commencing the construction or erection of any building or structure. . . . " The only permit that defendants had, which was for the construction of a storage structure, was revoked by the zoning administrator on 4 November 1974. No appeal was taken from that decision to the Board of Adjustment as is provided for in Section 15-4 of the Zoning Ordinance. The parties stipulated that that permit had been issued mistakenly. In response to the motion for summary judgment, defendants offered no evidence that revocation was based upon an erroneous interpretation of the zoning ordinance. Defendants' application for a permit for the installation of the mobile home was denied on 13 February 1975. Their appeal to the Board of Adjustment pursuant to Section 15-4 was also denied. They did not apply for writ of certiorari to the Superior Court for review of this decision as provided for in G.S. 153A-345 (e). Since defendants have no permit for this structure irrespective of whether it serves as a storage structure or a mobile home, its presence is in violation of G.S. 153A-357 and Section 14-2 of the Mecklenburg County Zoning Ordinance. Therefore the issue as to whether it is a storage structure or a mobile home is not material and its existence cannot be grounds for denying a summary judgment.

[3]  Defendants also assign error to the entry of summary judgment on the ground that plaintiff should be estopped from

denying the validity of the permit issued for the construction of the storage structure on 17 October 1974, and therefore is not entitled to judgment as a matter of law. Defendants contend that since it is uncontroverted that they incurred a substantial expense in good faith reliance upon that permit before it was revoked, they have a right to continue their use. Defendants rely upon *Town of Hillsborough v. Smith*, 276 N.C. 48, 170 S.E. 2d 904 (1969). However, that case makes it clear that the permit must have been lawfully issued in order for the holder of the permit to acquire a vested right in the use. In that case, after the holder of the permit had made substantial contractual obligations based on a lawfully issued permit, a change in the zoning district made his planned use illegal. The court held that defendant could not be denied his use. In this case, the permit was mistakenly issued. The planned usage was illegal from its inception. G.S. 153A-362 expressly provides for the revocation of a permit mistakenly issued in violation of local ordinance. In *Raleigh v. Fisher*, 232 N.C. 629, 61 S.E. 2d 897 (1950), a municipality was allowed to enforce a zoning ordinance against a property owner who had been erroneously given a permit and had made substantial expenditures for ten years in reliance on the permit. Justice Ervin put the plight of the private citizen into proper perspective by noting that

> "Undoubtedly this conclusion entails much hardship to the defendants. Nevertheless, the law must be so written; for a contrary decision would require an acceptance of the paradoxical proposition that a citizen can acquire immunity to the law of his country by habitually violating such law with the consent of unfaithful public officials charged with the duty of enforcing it." 232 N.C. at 635, 61 S.E. 2d at 902.

See also *Helms v. Charlotte*, 255 N.C. 647, 122 S.E. 2d 817 (1961). We find no merit to this assignment of error.

[4] Defendant's third assignment of error raises the issue of whether plaintiff was entitled to equitable relief. Defendants contend that any sanction for violation of a county zoning ordinance must be contained within the ordinance itself, and that the Mecklenburg County Zoning Ordinance provides only for fines and imprisonment. We note, however, that plaintiffs also alleged a violation of the building inspection laws of North

Carolina, and alleged that injunctive relief was available under G.S. 153A-372. G.S. 153A-372 provides that

> *"Equitable enforcement.* — Whenever a violation is denominated a misdemeanor under the provisions of this Part, the county, either in addition to or in lieu of other remedies, may initiate any appropriate action or proceeding to prevent, restrain, correct, or abate the violation or to prevent the occupancy of the building involved."

As previously noted, G.S. 153A-357, which is a provision to which G.S. 153A-372 is applicable, and Section 14-2 of the Mecklenburg County Zoning Ordinance make it a misdemeanor to construct a building without a permit. G.S. 153A-350 states that "As used in this Part, the words 'building' or 'buildings' include other structures." We think it would defeat the clear intent of the drafters if the installation of a mobile home were not considered the construction of a building within these provisions. We hold, therefore, that irrespective of the availability of injunctive relief to enforce the Meckenburg County Zoning Ordinance, such relief is available to prevent a violation of G.S. 153A-357.

The judgment is

Affirmed.

Judges BRITT and HEDRICK concur.