T. C. Rutherford *v.* J. H. MacQueen

(No. 6990)

Submitted October 27, 1931. Decided December 12, 1931.

*Dillon, Mahan & Holt,* for appellant.
Hubard & Bacon, for appellee.

Litz, President:

This is a suit by an optionee for specific performance of an option to purchase real estate.

By contract in writing, dated February 17, 1926, defendant, J. H. MacQueen, leased to plaintiff, T. C. Rutherford, a brick storebuilding in the town of Pax, Fayette county, for a term of five years, at $50.00 per month, and granted to the lessee the exclusive right to purchase the property at any time within the term of the lease for $3,500, with interest from the date thereof, plus taxes, insurance and necessary expenses of maintenance, with interest, less rents, with interest, paid under the lease. On December 15, 1927, the building, which had been insured in the name and at the expense of the lessor, was materially damaged by fire. Thereafter, he collected under the policies of insurance, $3,712.12, as the estimated cost of repairing the injury. Rutherford testified, in effect, that a week or two after the fire he verbally notified MacQueen of his election to purchase the property under the terms of the option; that they then agreed the repairs would be made by

him, under the supervision of his father, and, after deducting the cost thereof, he would pay to MacQueen the balance of the purchase price as fixed by the option. The repairs were accordingly made by Rutherford at a cost of $2,387.01. Specific performance of the option was decreed.

The real question complained of and the only one of which there is just cause for complaint involves the ruling of the circuit court in holding that the plaintiff is entitled to the benefit of $3,500.00 of the insurance. The appellant denies the right of the optionee in an option of real estate to share in money collected under fire insurance on the property in the name of and paid for by the optionor for fire occurring before the exercise of the option. The appellee relies upon *Williams* v. *Lilly,* 67 Conn. 50, 37 L. R. A. 150, and *Peoples Railway Co.* v. *Spencer,* 36 Am. St. Rep. 22, as supporting the affirmative. In the former case, the court held that the optionee was entitled to money collected under fire insurance on the property for loss occurring before the exercise of his option, because he had been required to pay the cost of the insurance under a lease of the premises during which he was permitted to purchase. In the latter case, the option was incidental to a conveyance of the property by the optionee to the optionor, which the court held to be a mortgage. Title was, therefore, in the optionee at the time of the fire. In a note on the question in 23 A. L. R. 1225, it is said: "A mere contract of option, for the purchase of land, does not, it seems, entitle the holder of the option to have insurance money collected by the giver applied on the purchase price where the holder undertakes to exercise his option after buildings on the premises have been accidentally destroyed." But it matters little what may be the rule in such case. As plaintiff relies upon the alleged contract with defendant at the time of accepting the option, his rights are governed accordingly. A party relying upon a contract is bound by all its legitimate terms. *Richardson* v. *Hardman,* 97 W. Va. 573.

A decree will, therefore, be entered by this Court affirming the judgment of the circuit court in so far as it directs the specific performance of the contract and the delivery by de-

fendant to plaintiff of policies of insurance on the property; reversing the decree in so far as it gives plaintiff the benefit of the insurance to cover the cost of repairs to the building; and for judgment in favor of defendant against plaintiff in the sum of $1251.44, with interest thereon from the 13th day of November, 1930; the increase in the judgment as here directed to be the difference between the amount of the insurance credited to Rutherford ($3,500.00) and the cost of the repairs amounting to $2,387.01.

*Affirmed in part and reversed in part, and judgment entered.*