BESSIRE AND COMPANY, INCORPORATED, v. MRS. F. A. WARD, EXECUTRIX OF THE ESTATE OF F. A. WARD, DECEASED, AND MRS. F. A. WARD, INDIVIDUALLY.

(Filed 11 July, 1934.)

1. **Pleadings I c—On plaintiff's motion for judgment on the pleadings, defendant's answer must be liberally construed.**

Upon plaintiff's motion for judgment on the pleadings, which is in effect a demurrer to the answer, the answer must be liberally construed, and every reasonable intendment given defendant, and the motion should be denied if the answer alleges facts sufficient to constitute a defense.

2. **Executors and Administrators C c—Answer held to raise issue of executrix's personal liability on contract executed for estate.**

This action was instituted against defendant individually and in her representative capacity as executrix, the complaint charging that plaintiff sold and delivered certain goods to defendant at her request and that defendant promised and agreed to pay for same. Defendant filed answer alleging that the goods were bought in her representative capacity and

that the promise to pay for same was made in her representative capacity, and that the estate alone was liable therefor. *Held,* while, under certain conditions, an executrix may be held personally liable on a contract entered into for the benefit of the estate if there is no stipulation against personal liability, yet the answer is sufficient to raise an issue as to defendant's individual liability and plaintiff's motion for judgment on the pleadings should have been denied.

APPEAL by defendant, Mrs. F. A. Ward, individually, from *Sinclair, J.,* at March Term, 1934, of DURHAM. Reversed.

This is an action instituted by the plaintiff against the defendant in her official capacity as executrix of her husband, and against her individually, for a balance alleged to be due for goods, wares and merchandise sold and delivered. Upon motion of the plaintiff the court rendered judgment on the pleadings against Mrs. F. A. Ward, individually, from which judgment she appealed.

*Bryant & Jones for appellant.*
*Forrest A. Pollard for appellee.*

SCHENCK, J. "The plaintiff's motion for judgment upon the answer is, in effect, a demurrer to the answer, and can only prevail when the matters pleaded constitute an admission of plaintiff's cause of action or are insufficient as a defense or constitute new matter insufficient in law to defeat plaintiff's claim." *Pridgen v. Pridgen,* 190 N. C., 102.

The answer of the appealing defendant must be construed liberally, which means that every reasonable intendment must be taken in favor of her and if the answer contains facts sufficient to constitute a defense, it must be sustained. *Pridgen v. Pridgen, supra,* and cases there cited.

The third and fourth paragraphs of the complaint are as follows:

"3. That during the years 1929 and 1930 the plaintiff sold and delivered to the defendant at her request, certain goods, wares and merchandise amounting to $4,548.38, an itemized statement of which is attached hereto and marked Exhibit A, and asked to be made a part of this account.

"4. That the defendant promised and agreed to pay for the said goods, wares and merchandise so sold and delivered, and did pay the sum of $2,950.54 during the years 1929 and 1930, but has failed and refused to pay the balance of $1,597.74, although many demands have been made upon her for same, and that there is now due and owing by the defendant to plaintiff, the said sum of $1,597.74 and interest thereon from 17 September, 1929."

The third and fourth paragraphs of the answer are as follows:

"3. It is admitted that during the years 1929 and 1930, the defendant as executrix of the estate of F. A. Ward, purchased from the

HEADEN *v.* INSURANCE CO.

plaintiff certain goods, but that she did this as executrix and not in her individual capacity. Except as herein and hereinafter admitted, paragraph 3 of the complaint is untrue and denied.

"4. It is admitted that the defendant, Mrs. F. A. Ward, as executrix of the estate of F. A. Ward, promised to pay for the goods purchased, and did make certain payments to the plaintiff. It is further admitted that the estate of F. A. Ward owes the plaintiff the sum of $1,597.74. Except as herein admitted, paragraph 4 of the complaint is untrue and denied."

While under certain conditions an executrix may be held personally liable if she enters into a contract for the benefit of the estate, without stipulating against personal liability, and while the plaintiff may be entitled to recover against the defendant in her individual capacity, if it can sustain the allegations in the complaint, still we think the denials in the answer raise an issue as to the defendant's individual liability, and that his Honor erred in awarding judgment against her upon the pleadings.

Reversed.