P. O. POOLE AND E. C. PARRISH v. W. HERMAN SCOTT, ADMINISTRATOR OF THE ESTATE OF W. M. SCOTT; W. HERMAN SCOTT AND WIFE, TINA SCOTT, OF CHATHAM COUNTY; CLYDE SCOTT AND WIFE, INEZ SCOTT; GRACE SCOTT POE AND HUSBAND, GEORGE POE, OF ORANGE COUNTY, N. C.; MARY SCOTT GATTIS AND HUSBAND, WILLIAM GATTIS, OF LOS ANGELES COUNTY, CALIFORNIA; RALPH SCOTT AND WIFE, CARRIE SCOTT, OF RICHMOND COUNTY, N. C.; CLAY SCOTT AND WIFE, VELORA SCOTT; BLANCHE SCOTT, WIDOW; T. V. SCOTT AND WIFE, ALMA SCOTT, AND OTHO SCOTT AND WIFE, HESTER MAE SCOTT, OF CHATHAM COUNTY, N. C.

(Filed 30 January, 1948.)

**1. Vendor and Purchaser § 13—**

Where buildings, constituting a material and substantial inducement for the execution of a contract to purchase, are destroyed by fire, the loss

will fall on the vendor, and the vendee is not required to complete the contract.

**2. Vendor and Purchaser § 32—**

In vendees' action to recover the proceeds of a policy of fire insurance collected by vendors, judgment on the pleadings in vendees' favor is error when the complaint fails to allege that the contract was in writing and signed by the parties to be charged, since it does not appear from the complaint that the contract was specifically enforceable at the time of the destruction of the property by fire.

**3. Same—**

This action was instituted by vendees to recover the proceeds of a policy of fire insurance collected by vendors. Vendees allege that they were induced to accept deed and pay the balance of the purchase price by representations that the proceeds of the policy would be paid to them. Vendors denied that they or their agent had made such representations. *Held:* The pleadings raised a controverted issue of fact for the determination of the jury, and judgment on the pleadings for vendees is error.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Grady, Emergency Judge,* at May-June Term, 1947, of DURHAM.

Civil action to recover the proceeds of a fire insurance policy paid to the defendants.

On or about 12 August, 1944, the appellees allege they entered into a contract with W. Herman Scott, administrator of the estate of W. M. Scott, and the admitted agent of the other defendants, to purchase from the defendants approximately 137 acres of land in Chatham County for $3,000.00 and paid to W. Herman Scott $100.00 of the purchase price, the balance of $2,900.00 to be paid upon delivery to appellees of a good and sufficient deed, free and clear of all encumbrances.

The plaintiffs allege that within a few days thereafter, the appellees were given possession of the premises, entered thereon and proceeded to make improvements on said premises in the amount of $1,000.00, the major portion of said money being expended on the dwelling house on the property. It is also alleged that several weeks after the contract of purchase was entered into the plaintiffs engaged a tenant to occupy and work the farm and moved the tenant into the dwelling house on said premises.

Subsequently, it developed that there were two uncanceled deeds of trust against the property. These were not canceled until 25 April, 1945, at which time the defendants delivered a deed to the appellees, who immediately accepted it and paid the balance of the purchase price.

In the meantime, however, on or about 10 January, 1945, the dwelling house on the premises was completely destroyed by fire. It was later disclosed that the defendants carried a policy of fire insurance on said dwelling in the amount of $2,000.00 and were paid $1,800.00 by the insurance company on account of the loss of said dwelling. This action was brought to collect the $1,800.00 paid to the defendants, the plaintiffs contending they are, in law and equity, entitled to same.

When the case was called for trial, upon motion of the plaintiffs, judgment was rendered on the pleadings in favor of the plaintiffs. Defendants appealed, assigning error.

*Brawley & Brawley, Oscar G. Barker, Robert I. Lipton, and Victor S. Bryant for plaintiffs, appellees.*

*Fuller, Reade & Fuller, W. P. Horton, and James L. Newsom for defendants, appellants.*

DENNY, J. The plaintiffs contend the contract entered into by and between them and the defendants was a binding and enforceable one. However, it is not alleged that the contract was in writing and signed by the respective parties.

Moreover, it is the general rule that where a vendor contracts to convey lands and the buildings thereon are a material and substantial inducement for the transaction, and such buildings are destroyed by fire, if the contract is incomplete and unenforceable for any reason, the loss will fall on the vendor, and the vendee is not required to complete the contract. *Warehouse Co. v. Warehouse Corp.,* 185 N. C., 518, 117 S. E., 625; *In re Sermon's Land,* 182 N. C., 122, 108 S. E., 497; *Sutton v. Davis,* 143 N. C., 474, 55 S. E., 844; 66 C. J., Sec. 815, p. 1054; 55 Am. Jur., 824; Thompson on Real Property, Vol. 8, p. 532.

The plaintiffs allege that after the house on the premises was burned and prior to the payment of the balance of the purchase money they were informed and advised by W. Herman Scott, Administrator of the estate of W. M. Scott, and agent of the other defendants, that the plaintiffs would be entitled to the proceeds of the insurance policy carried on the destroyed house, when the insurance was adjusted and the proceeds paid by the insurance company; and that the plaintiffs relying upon this statement and assurance by W. Herman Scott, completed their contract with him and paid the balance of the purchase money. The defendants deny that any such agreement was made. On the contrary, the defendants allege that after the house was burned "the plaintiffs talked with the defendant W. Herman Scott, with respect to whether or not they would elect to exercise their right to purchase said property upon payment of the balance of the purchase price and advised that they would

like further time within which to consider the completion of the purchase, and requested that he keep the deed to said property until they notified him as to whether or not they would complete their purchase of said farm. That nothing was said in that conversation with the defendant W. Herman Scott with respect to insurance on said property."

The defendants further allege that they agreed to sell the 137 acre tract of land to the plaintiffs for $3,000.00 but that it was understood to be optional with the plaintiffs as to whether or not they accepted the offer.

In the light of the allegations in the pleadings, we do not think the plaintiffs are entitled to judgment thereon. Furthermore, since it does not appear that a contract existed for the conveyance of the premises described in the complaint, which could have been enforced by a decree for specific performance at the time the house on the premises was destroyed by fire, we think the plaintiffs must rely upon their alleged agreement to the effect that they would be entitled to receive the proceeds from the fire insurance policy which the defendants carried on the burned house, as soon as the adjustment was made and the proceeds of the policy were received from the insurance company. *Rutherford v. MacQueen*, 111 W. Va., 353, 161 S. E., 612. If the plaintiffs were induced to complete the contract based upon an understanding with the defendants or their agent, that the proceeds of the insurance policy in question were to be paid to them, then they are entitled to recover, otherwise not. Even so, it is for the jury to say what the facts are in this respect.

The judgment of the court below will be set aside and the cause is remanded for trial upon the issues raised by the pleadings.

Error and remanded.

SCHENCK, J., took no part in the consideration or decision of this case.