LESTER CARROLL v. ARLIE W. BROWN AND W. G. BROWN.

(Filed 24 March, 1948.)

**1. Pleadings § 28: Bills and Notes § 36—**

Where, in an action on a note, defendants deny plaintiff's allegations that the note was to draw interest from maturity at the rate of 6% per annum, the note not having been set out in the complaint, judgment on the pleadings in plaintiff's favor is erroneous, since there is a denial of a fact necessary to be established as a basis for the relief prayed.

**2. Bills and Notes § 26b—**

As between the parties, it is competent for the maker to show that it was agreed at the time of the execution of the note that it was to be paid out of the profits of a partnership in which the maker and payee were then engaged, even though the agreement rests in parol.

**3. Partnership § 4—**

Plaintiff instituted this action on a note. Defendant alleged that at the time of the execution of the note it was agreed that it was to be paid solely

---

CARROLL *v.* BROWN.

---

out of the profits of a partnership in which plaintiff and defendant were then engaged, and set up a cross-action for an accounting upon allegations that plaintiff had theretofore wrongfully taken over all partnership assets, which were sufficient to pay the note. *Held:* The right to set up the cross-action for an accounting comes within the numerous exceptions to the general rule that one partner cannot sue another at law until there had been a complete settlement of the partnership affairs.

**4. Pleadings § 28—**

Judgment on the pleadings against defendant is not permissible when defendant seeks affirmative relief and plaintiff denies the allegations upon which 'defendant's prayer for such relief is based.

**5. Same: Bills and Notes § 36—**

Judgment on the pleadings in an action on a note is error when defendant interposes a valid defense.

APPEAL by defendants from *Alley, J.,* at September Term, 1947, of WATAUGA.

Civil action to recover on a promissory note, executed 30 April, 1946, for $600.00 alleged to be due and payable one day after date with interest at the rate of six per cent per annum until paid.

The defendants filed answer, alleging that at the time the note was executed it was agreed by the parties that the note was not to draw interest and that the principal sum was to be paid out of the profits of a partnership business in which the plaintiff and the defendant, Arlie W. Brown, were then engaged. The defendants further allege in their answer that the plaintiff has heretofore wrongfully taken over all the partnership assets which were sufficient to pay the said note. The defendants also set up a counterclaim and ask for an accounting of the assets of the partnership.

The plaintiff filed a reply in which he denies there were any profits derived from the partnership and alleges that he has heretofore closed out the partnership business.

When this cause came on for hearing in the Court below, counsel for plaintiff moved for judgment on the pleadings. The motion was allowed and judgment was entered for the principal sum, together with interest thereon at six per cent per annum, from 30 April, 1946, until paid. The defendants appeal, assigning error.

*T. C. Bowie, Jr., for plaintiff.*
*Trivette, Holshouser & Mitchell for defendants.*

DENNY, J. The only question involved on this appeal is: Was the plaintiff entitled to judgment on the pleadings?

The allegation of the plaintiff to the effect that the note upon which he bottoms his action, draws interest from date until paid at the rate of six per cent per annum, is denied by the defendants in their answer. The note is not set out in the complaint, hence we think the pleadings raise a question of fact for the jury. *Bessire & Co. v. Ward,* 206 N. C., 858, 175 S. E., 208; *Wilson v. Allsbrook,* 203 N. C., 498, 166 S. E., 313.

Moreover, the defendants allege it was understood at the time this note was executed that it was to be paid out of partnership profits, from a partnership in which the plaintiff and one of the defendants, Arlie W. Brown, were then engaged. In the case of *Ripple v. Stevenson,* 223 N. C., 284, 25 S. E. (2d), 836, this Court said: "It is permissible for the parties to agree that a note shall be paid only in a certain manner, *e.g.,* out of a particular fund, by the foreclosure of collateral, or from rents collected from a certain building, etc. *Jones v. Casstevens,* 222 N. C., 411. And this part of the agreement may be shown, though it rest in parol."

The appellee contends that the general rule that one partner cannot sue another partner at law until there has been a complete settlement of the partnership affairs and a balance struck applies in this case, citing *Pugh v. Newbern,* 193 N. C., 258, 136 S. E., 707. Therefore, he contends the cross-action for an accounting to ascertain whether or not the partnership has sufficient profits out of which the note may be paid cannot be maintained. The position is untenable. There are numerous exceptions to the general rule laid down in *Pugh v. Newbern, supra,* among them being where the partnership property has been wrongfully converted, and "where the partnership has been terminated, all debts paid and the partnership affairs otherwise adjusted with nothing remaining to be done but pay over the amount due by one to the other, such amount involving no complicated reckoning."

Furthermore, it is not permissible to enter judgment on the pleadings against a party seeking affirmative relief when the allegations upon which the prayer for relief is based are denied. "Every fact necessary to be established as a basis for the judgment asked must be admitted either by failure to deny the specific allegations or by specific admission of the facts." *Oldham v. Ross,* 214 N. C., 696, 200 S. E., 393; *Poole v. Scott, ante,* 464, 46 S. E. (2d), 145. Here the defendants deny certain material allegations, interpose a defense, and seek affirmative relief.

The plaintiff's motion for judgment on the pleadings should have been denied. Hence, the judgment below is

Reversed.