R. M. McGEE v. L. D. LEDFORD AND WIFE, MARY SMITH LEDFORD.

(Filed 30 September, 1953.)

1. **Pleadings § 28—**

A motion for judgment on the pleadings is in effect a demurrer to the answer, and admits the truth of all the well pleaded facts in the answer and the untruth of plaintiff's own allegations in so far as they are controverted in the answer.

McGEE v. LEDFORD.

**2. Same—**

Where allegations of the answer have been stricken upon motion duly made prior to plaintiff's motion for judgment on the pleadings, the court in passing upon the motion for judgment on the pleadings must disregard all allegations of the answer which had been so stricken.

**3. Laborers and Materialmen's Liens § 10—**

Where the owner admits the alleged contract with plaintiff to repair a dwelling on her property, the contract price, the filing of a lien as required by law, her agreement to pay the contract price and the non-payment thereof, plaintiff contractor is entitled to judgment on the pleadings in his action to recover the contract price and enforce his lien upon the property.

**4. Contracts § 19: Laborers and Materialmen's Liens § 9—**

Even though a contract for repair of a dwelling damaged by fire is made in contemplation that the cost of the repairs would be paid out of the proceeds of a fire insurance policy on the dwelling, the owner is not absolved from liability to the contractor for such repairs even though she alleges that the insurance company is indebted to her and that the insurance contract was made for the benefit of the contractor, insurer not being a party to the contract and its failure to pay the amount of the policy not having the effect of discharging the liability of the owner to the contractor for the repairs.

**5. Payment § 2—**

Where an insurance company delivers its draft to the owners of property who endorse it over to the contractor who had made repairs to the property, the delivery of the draft is but conditional payment, and upon its dishonor by the bank on order of insurer, the owners and the contractor are relegated to their original debtor-creditor status.

APPEAL by defendant from *Phillips, J.,* January Term 1953, BUN-COMBE. Affirmed.

Civil action to recover on a contract to repair a building and to enforce a laborer's and materialman's lien on the property, heard on motion for judgment on the pleadings.

Plaintiff alleges that (1) on or about 15 November 1950, he entered into a contract with the defendants to repair a dwelling on their property which had been damaged by fire; (2) the contract price was $1,000; (3) he performed the contract on his part; (4) defendants having failed to pay the contract price, he filed a laborer's and materialman's lien as provided by statute; and (5) the defendants are now indebted to him in the sum of $1,000. He seeks to recover judgment for the amount alleged to be due and unpaid and to have the same adjudged a specific lien on the property described in the complaint.

The property plaintiff seeks to subject to a lien was originally conveyed to the two defendants as tenants by the entirety. They separated

and were later divorced. They filed separate answers to the complaint herein, and the male defendant thereafter conveyed his interest in said property to the *feme* defendant. Since L. D. Ledford now has no interest in the property and judgment was rendered only against the *feme* defendant, a summary of his answer is unnecessary.

In her original answer the *feme* defendant denied that she entered into any contract with plaintiff to repair said dwelling and entered qualified denials of the other material allegations in the complaint which seek to state plaintiff's cause of action. She then alleged by way of further defense that (1) the property was insured by the Caledonian-American Insurance Company; (2) the insurance company contracted with plaintiff to repair the damages done to her residence by fire; (3) it was expressly understood at the time that she was unable to pay for said repairs, that she assumed no obligations so to do, and that plaintiff was to be paid by said insurance company; and (4) upon completion of the repairs the insurance company issued its check for $1,000 which the two defendants endorsed and delivered to plaintiff. She prayed that said insurance company be made a party defendant and that she go hence without day.

The insurance company, having been made a party defendant, appeared and moved that various specified allegations contained in *feme* defendant's answer which had reference to it and its alleged liability to plaintiff be stricken from the answer. The motion was allowed and said defendant was granted leave to amend. Thereafter she filed a new or substitute answer labeled "Amended Answer of Mary Smith Ledford."

In her new answer this defendant entered qualified denials of the material allegations in the complaint. At the same time she admits that: (1) she owns the property described in the complaint; (2) she and plaintiff entered into a contract for the repair of the dwelling located on her property, "and that the defendants agreed to pay the sum of $1,000.00 to the plaintiff for said repairs; and that they agreed that said $1,000.00 might be paid from the proceeds of a policy of fire insurance;" (3) "The defendants are due and owing the plaintiff the sum of $1,000.00, and that said defendants agreed that the plaintiff might be paid said sum from the proceeds of a fire insurance policy;" (4) a lien was filed by plaintiff as alleged in the complaint; (5) pursuant to negotiations between the plaintiff, L. D. Ledford, this defendant, and the said insurance company, the insurance company "agreed to pay to the plaintiff for and on behalf of the defendants, the sum of $1,000.00, for said repairs by reason of a fire insurance policy covering loss and damage sustained to said house by reason of fire;" and (6) she "did not contract or agree to make any repairs (*sic*) for any repairs personally, but that it was contracted between plaintiff and both defendants and the Caledonian-American Insurance Company that the said insurance company would pay the

plaintiff the sum of $1,000.00, for repairs which the plaintiff did make to said house; *and that by reason of a contract made between L. D. Ledford and this answering defendant with the Caledonian-American Insurance Company for the benefit of the plaintiff, R. M. McGee, the defendant, Caledonian-American Insurance Company is liable to this defendant in the sum of $1,000.00, which said Insurance Company contracted and agreed to pay* them for the benefit of plaintiff." (Italics supplied.)

She further alleges that she is informed and believes that *said insurance company "is liable to the defendant in the sum of $1,000.00, to be paid to plaintiff, R. M. McGee, for repairs which said R. M. McGee made on said lands and premises."* (Italics supplied.) She prays that she have and recover of said insurance company the sum of $1,000 to be paid to the plaintiff in full settlement for labor and material furnished, and that said lien be canceled of record and that she go hence without day.

The insurance company again appeared and moved to strike from the substitute answer all reference to any negotiations or contract with it and all other references to it. The motion particularized the language sought to be stricken. The admissions of liability on the part of the *feme* defendant, to which reference has been made, were not included in the motion to strike.

At the October Term 1952, Patton, S. J., being of the opinion that the allegations the insurance company moved to strike were in substance the same allegations theretofore stricken from the original answer by Gwyn, J., and that the defendant is bound by the original order to strike, from which she did not appeal, allowed the motion. The *feme* defendant expressly withdrew her appeal from the order of Patton, S. J., granting the motion to strike, and filed no further amendment as she was by said order permitted to do.

Thereafter the demurrer of the insurance company was sustained.

At the January Term 1953, plaintiff, after due notice to defendant, appeared and moved for judgment on the pleadings. The motion was allowed and judgment that plaintiff have and recover of the *feme* defendant the sum of $1,000 with interest and costs and decreeing that plaintiff's laborer's and materialman's lien be and is a specific lien upon the property described in the complaint was duly entered. Said defendant excepted and appealed.

*Cecil C. Jackson for plaintiff appellee.*
*George F. Meadows for defendant appellant.*

Barnhill, J. Plaintiff's motion for judgment on the pleadings is in effect a demurrer to the answer. *Pridgen v. Pridgen,* 190 N.C. 102, 129

S.E. 419; *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Bessire and Co. v. Ward,* 206 N.C. 858, 175 S.E. 208.

The motion in the nature of a demurrer admits (1) the truth of all well-pleaded facts in the answer, and (2) the untruth of plaintiff's own allegations in so far as they are controverted in the answer. *Raleigh v. Fisher, supra; Oldham v. Ross,* 214 N.C. 696, 200 S.E. 393; *Guerry v. Trust Co.,* 234 N.C. 644, 68 S.E. 2d 272.

There can be no judgment for plaintiff on the pleadings unless the facts entitling plaintiff to relief are admitted and no valid defense or plea in avoidance is asserted in the answer. *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705; *Bessire and Co. v. Ward, supra.* It must appear that (1) the complaint states a good cause of action which entitles plaintiff to some relief, and (2) the answer, construed liberally in favor of the pleader, raises no material issue of fact. *Dunn v. Tew,* 219 N.C. 286, 13 S.E. 2d 536; *Raleigh v. Fisher, supra.*

The pertinent pleadings in this case, considered in the light of these well-recognized rules, which have been consistently applied by this Court, compel the conclusion that the admissions contained in the answer warranted the judgment entered in the court below.

The appellant admits the ownership of the property, the alleged contract with plaintiff to repair the fire damages to her dwelling located on said property, the contract price, the filing of a lien as required by law, her agreement to pay the contract price, and the nonpayment thereof. This leaves no material issue of fact to be answered by a jury.

In this connection we must bear in mind that it is the duty of the court to consider the substitute answer stripped of any and all reference to the insurance company or any promise defendant alleges it made to pay the contract price for and on behalf of the original defendants. They had been stricken from the answer prior to the motion for judgment on the pleadings.

Even if we give consideration to such allegations, they are insufficient to absolve the defendant from liability on the contract she admits she made with plaintiff. The contract respecting the proceeds of the insurance policy was entered into between defendants and the insurance company "for the benefit of the plaintiff," and the insurance company is indebted to the defendants in the sum of $1,000, to be paid to them for the benefit of plaintiff. So she alleges. These allegations fall far short of any assertion that the contract to repair was entered into between plaintiff and the insurance company or that the insurance company is solely liable for the amount admittedly due plaintiff under a contract he made with the appellant. No doubt the defendant confidently anticipated that she would be able to discharge her liability to plaintiff out of the proceeds of

the policy. In all probability, it was so understood by all the parties. Even so, the failure of the insurance company to honor its draft does not serve to discharge defendant or shift sole liability to the insurance company. Delivery of the draft of the insurance company to defendants, and by defendants to plaintiff, was at most a conditional payment. When the draft was dishonored by the bank on order of the insurance company, the parties were relegated to their original creditor-debtor status.

For the reasons stated, the judgment entered in the court below is

Affirmed.