ALLEN LANGSTON v. WAYNE V. BROWN.

(Filed 20 November 1963.)

**1. Pleadings § 15—**

Where a demurrer presents a contention of the maker of a note that it was agreed between the parties that the note should be paid solely out of sale of the collateral pledged, without personal liability, the existence of such an agreement, for the purpose of the demurrer, must be determined from the face of the complaint and the note attached to the complaint and made a part thereof, without evidence *aliunde.*

## 2. Bills and Notes § 17—

Where a note for the balance of the purchase price of a chose in action pledged as collateral security for the note, stipulates that upon default the holder should have full power to sell the chose at public or private sale at his option and that after such sale there should be no liability for any deficiency, *held* the stipulation gives the holder an option to sell the chose upon default but does not, within itself, disclose an agreement that the note should be paid solely out of the proceeds of sale of the collateral so as to preclude the maker from maintaining an action on the note when he has elected not to sell the pledged security.

Parker, J., dissenting.

Appeals by plaintiff from *Williams, J.,* April 1963 Non-Jury Term of Wake.

These two cases involve identical questions of law. Each action was instituted on March 12, 1963 to recover judgment for the amount due on a promissory note executed and delivered by the defendant to the plaintiff on December 1, 1961. A copy of each note is attached to the respective complaint as Exhibit A. In Case No. 451, the note contains a promise to pay $32,100 in annual installments of $3,210 with interest at six percent and a provision that if any payment remained overdue for thirty days the holder might declare the entire unpaid balance due and payable. It is alleged in the complaint that no payment of either principal or interest has been made on this note and that plaintiff has elected to exercise his option to declare the entire indebtedness now due and payable.

In Case No. 452, the note recites a promise to pay $5,000, with interest, on or before December 1, 1962. The complaint alleges that on February 14, 1962 a payment of $2,000 was made on this note leaving a balance due of $3,062.50 with interest from that date.

Both notes contain the following provision:

"This note is given to secure a part of the purchase price of the Class A Common Stock of Wilmur Associates, Incorporated, this day purchased by the undersigned from Allen Langston. The payment of both principal and interest on this note is secured by the pledge of Certificate Number............ ......for Five Hundred and Ten Shares of the Class A Common Stock of Wilmur Associates, Incorporated, which certificate of stock is pledged with Allen Langston or order as collateral for the security of the payment of this note; he or his assigns shall have full power and authority if default be made in the payment of either principal or interest as to all or any of this note, to sell, assign, and deliver at any time

or times thereafter the whole or any part of said collateral at public or private sale at the option of Allen Langston or the owner or holder of this note after first having given the undersigned ten (10) days notice in writing of intent to make such sale and to apply the proceeds of any such sale of collateral to the payment and satisfaction in full of both principal and interest of this note; it being understood and agreed that after such sale the undersigned shall not be liable for any deficiency."

Defendant demurred to each complaint for failure to state a cause of action in that the note discloses "that the defendant shall not be personally liable to the plaintiff" and that plaintiff must look to the certificate of stock pledged as security for the payment of the note. Judge Williams sustained the demurrers and plaintiff appealed.

*I. W. Farmer for plaintiff appellant.*
*Johnson, Gamble & Hollowell for defendant appellee.*

SHARP, J.  The demurrers to the complaints pose this question: Does the provision in the notes that the holder "shall have full power and authority" upon default to sell the stock pledged as security "it being understood and agreed that after such sale" the maker shall not be liable for any deficiency, require the holder to enforce collection by a sale of the collateral?

This question must be answered by reference only to the complaint and the note which is made a part thereof. We may not consider the "testimony" contained in both briefs. If, at the time of the execution and delivery of the notes, the parties agreed that payment should be enforced only by a sale of the collateral, such an agreement would preclude personal liability on the part of the maker in an action between the parties, but this is a defense which must be interposed by answer unless it appears in the complaint itself. 3 N.C. Index, Pleadings § 15; *Carroll v. Brown,* 228 N.C. 636, 46 S.E. 2d 715. Neither complaint alleges any such agreement.

The notes in suit provide that the holder may sell the collateral and, *if he does,* the maker shall not thereafter be liable for any deficiency. They do not require such a sale, and the complaints do not allege that the stock has been sold.

The parties may always contract that the pledgeor assumes no personal liability on the debt secured by the pledge but, in the absence of such an agreement, the giving of security does not affect the right of action of the pledgee on the debt of the pledgeor. Restatement, Securi-

ty § 48, Comment a; *Bank v. Hessee,* 207 N.C. 71, 175 S.E. 826; *Sykes v. Everett,* 167 N.C. 600, 608, 83 S.E. 585. The general rule is succinctly stated in 41 Am. Jur., Pledge and Collateral Security § 99, as follows:

> "The taking of collateral security for the payment of a debt does not, in the absence of a statute or stipulation to the contrary, afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given, and upon default in payment, the pledgee may elect to sue the pledgeor for his debt, without a sale of the security, and may recover a judgment in such suit against the pledgeor for the amount of the debt, without destroying or in the least affecting his lien on the property pledged."

In these cases, the parties agreed that a resort to the security for payment would discharge the maker from any liability for a deficiency. To that extent only did they modify the general rule. So far as the record now discloses, until the holder does resort to the security, he may look to the maker.

The orders sustaining the demurrers are

Reversed.

PARKER, J., *dissenting.* In case No. 451, plaintiff prays judgment of the court against the defendant in the sum of $32,100, with interest thereon at the rate of 6%, and for costs. In case No. 452, plaintiff prays judgment of the court against the defendant in the sum of $3,-062.50, with interest thereon at the rate of 6%, and for costs. In each case the complaint alleges: "A copy of said note is attached hereto marked 'Exhibit A' and asked to be made a part of this complaint as fully as if set out herein."

It is well-settled law that an exhibit attached to a complaint and made a part thereof can be considered in passing upon a demurrer. *Yeager v. Dobbins,* 252 N.C. 824, 114 S.E. 2d 820; *Moore v. W.O.O.W., Inc.,* 253 N.C. 1, 116 S.E. 2d 186; *Talman v. Dixon,* 253 N.C. 193, 116 S.E. 2d 338; *Sale v. Johnson, Commissioner of Revenue,* 258 N.C. 749, 129 S.E. 2d 465; 71 C.J.S., Pleading, sec. 257; 41 Am. Jur., Pleading, sec. 246; 39 N. C. L. R. 330, Incorporation by Reference. *Carroll v. Brown,* 228 N.C. 636, 46 S.E. 2d 715, cited in the majority opinion as controlling, is clearly distinguishable. The opinion in that case states: "The allegation of the plaintiff to the effect that the note upon which he bottoms his action, draws interest from date until paid at the rate of six per cent per annum, is denied by the defendants in their answer.

The note is not set out in the complaint, hence we think the pleadings raise a question of fact for the jury." Each note, which is attached to each complaint and made a part thereof as fully as if set out therein, contains this language: "It being understood and agreed that after such sale the undersigned shall not be liable for any deficiency."

It appears by the note in each case attached to each complaint and made a part thereof as fully as if set out therein, which note is the foundation of each case, that the parties agreed that payments should be enforced only by a sale of the collateral, and consequently such an agreement precludes personal liability in each case on the part of the maker in these actions between the parties. In my opinion, the judgment in each case below sustaining the demurrer to each complaint should be affirmed, and I so vote.