RALEIGH FEDERAL SAVINGS BANK, Plaintiff v. BRENT GODWIN and DENISE B. GODWIN, Defendants

No. 8910SC1327

(Filed 7 August 1990)

**Mortgages and Deeds of Trust § 32 (NCI3d) — foreclosure sale — purchase by lender — deficiency judgment — value of secured property — absence of interest in property**

Where mortgaged property was purchased at the foreclosure sale by the lender, defendants who were liable on the underlying note but held no interest in the secured property could not assert the N.C.G.S. § 45-21.36 defense to the lender's action for a deficiency judgment that the property was worth the amount of the debt secured by it.

**Am Jur 2d, Mortgages § 922.**

APPEAL by defendants from judgment entered 22 September 1989 in WAKE County Superior Court by *Judge James H. Pou Bailey*. Heard in the Court of Appeals 7 June 1990.

Plaintiff loaned defendants and Smithfield Wholesale Building Supply, Inc. (Smithfield Wholesale) $368,000. As security for the loan, Smithfield Wholesale gave a deed of trust on real property it owned in Johnston County. Defendants and Smithfield Wholesale executed a one-year ARM note.

Smithfield Wholesale and defendants defaulted on the note and plaintiff foreclosed on the property under the power of sale in the deed of trust. Plaintiff purchased the property at the foreclosure sale for $237,500 and brought this action against defendants for the balance remaining on the promissory note. In its complaint, plaintiff alleged that defendants executed the note and that they had defaulted in payment. Defendants answered, admitted that they had executed the note and defaulted in payment, but asserted as a defense to plaintiff's claim that the property sold at the foreclosure sale was "fairly worth the amount of the debt secured by it. . . ."

From the trial court's grant of plaintiff's motion for summary judgment, defendants appeal.

RALEIGH FEDERAL SAVINGS BANK v. GODWIN

[99 N.C. App. 761 (1990)]

*Manning, Fulton & Skinner, by Michael T. Medford and Anna R. Hayes, for plaintiff-appellee.*

*Lucas, Bryant & Denning, P.A., by W. Robert Denning, III and Robert W. Bryant, Jr., for defendant-appellants.*

WELLS, Judge.

The primary issue on appeal is whether the trial court properly granted summary judgment in favor of plaintiff. Summary judgment is proper when the pleadings, together with any depositions, interrogatories, admissions on file, and supporting affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983). Once the moving party has met its burden of proof, the burden shifts to the nonmoving party to establish specific facts showing that there is a genuine issue for trial. *Quality Inns International, Inc. v. Booth, Fish, Simpson, Harrison & Hall,* 58 N.C. App. 1, 292 S.E.2d 755 (1982) (citations omitted). Because defendants admitted executing the note and subsequently defaulting, nothing else appearing, plaintiff was entitled to judgment as a matter of law. *See, e.g., Carroll v. Brown,* 228 N.C. 636, 46 S.E.2d 715 (1948). Defendants, however, relying on the defense of N.C. Gen. Stat. § 45-21.36 (1984), contend that the trial court erred in granting plaintiff's motion for summary judgment because there was a genuine issue of fact concerning the value of the property at the time of foreclosure. Defendants contend that pursuant to G.S. § 45-21.36 they were entitled to show that the property sold was worth the amount of the debt secured by it or that the amount bid was substantially less than its true value.

Upon foreclosure under a deed of trust, where the mortgaged property is purchased by the mortgagee, the provisions of G.S. § 45-21.36 allow a mortgagor to show, as a defense to an action by the mortgagee for a deficiency, that the purchase price was less than the land's fair market value. *First Citizens Bank & Trust Co. v. Martin,* 44 N.C. App. 261, 261 S.E.2d 145 (1979), *disc. rev. denied,* 299 N.C. 741, 267 S.E.2d 661 (1980). The protection of this section, however, is limited by the express terms of the statute to persons who hold a property interest in the mortgaged property. *Id.* The statute explicitly limits the defense to situations in which the mortgagee sues "to recover a deficiency judgment against the

mortgagor, trustor, or other maker of any such obligation whose property has been so purchased." *Id.* (emphasis omitted).

Defendants in the present case did not own the property covered by the deed of trust. The property was owned by Smithfield Wholesale and it was the mortgagor under the deed of trust. The General Assembly's intention to limit the protection of the statute to those who hold a property interest in the mortgaged property is clear; the protection of G.S. § 45-21.36 is not applicable to other parties who may be liable on the underlying debt. *Martin, supra.* Defendants, as other parties liable on the underlying debt, but who hold no property interest in the mortgaged property, cannot assert the defense of G.S. § 45-21.36.

The only fact disputed by defendants was the value of Smithfield Wholesale's property at the time of foreclosure. Because that fact is material only under G.S. § 45-21.36, which is not applicable to these defendants, the trial court's grant of summary judgment was correct.

In their second assignment of error defendants contend that the trial court erred in awarding attorney's fees to plaintiff because plaintiff failed to comply with the notice provision of N.C. Gen. Stat. § 6-21.2 (1986) which allows recovery of attorney's fees incurred in the collection of a note subject to certain conditions. The notice provision provides that notice must be given to the maker of the note before attorney's fees may be recovered. G.S. § 6-21.2(5).

A provision in the note sued upon in this case provided for the payment of the noteholder's costs and expenses in enforcing the note if the makers failed to pay as required. These costs and expenses specifically include "reasonable" attorney's fees. However, there was no evidence before the trial court that plaintiff notified defendants of its intention to collect attorney's fees pursuant to G.S. § 6-21.2. Plaintiff concedes as much in its brief. We therefore conclude that the award of attorney's fees was in error and we direct that the judgment be modified accordingly.

Modified and affirmed.

Judges ORR and LEWIS concur.