WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION, PLAINTIFF
v.
ARLINGTON HILLS OF MINT HILL, LLC, JOHN KEVIN COBB, BEVERLY A. COBB, MAX B. SMITH, JR., CHRISTY C. SMITH AND MARK E. CARPENTER, DEFENDANTS

No. COA12-1060

Filed 19 March 2013

**Mortgages and Deeds of Trust—offset defense—not available**

The trial court did not err by entering summary judgment in favor of plaintiff bank in a foreclosure case because although defendant guarantor received an interest in the property and was liable on his guaranty, he was not the mortgagor, trustor, or other maker of any such obligation whose property has been so purchased. Accordingly, the offset defense provided in N.C.G.S. § 45-21.36 was not available to defendant guarantor.

Appeal by defendant Mark E. Carpenter from order entered 1 June 2012 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 January 2013.

*Robinson, Bradshaw & Hinson, P.A., by David M. Schilli and Ty E. Shaffer, for plaintiff appellee.*

*Tison Redding, PLLC, by Joseph R. Pellington and Marjorie C. Redding, for Mark E. Carpenter defendant appellant.*

McCULLOUGH, Judge.

Defendant Mark E. Carpenter ("Guarantor") appeals from the trial court's grant of summary judgment in favor of Wells Fargo Bank, National Association ("Bank"), successor by merger to Wachovia Bank, National Association. For the following reasons, we affirm.

## I. Background

On 30 November 2005, defendant Arlington Hills of Mint Hill, LLC ("Borrower") entered into a loan agreement with Bank in order to acquire real property in Mecklenburg County and develop a residential subdivision (the "property"). In connection with the loan, Borrower executed a promissory note in the principal amount of $596,345.00 in favor of Bank to evidence the debt and a deed of trust conveying the property in trust to TRSTE, Inc. ("Trustee") for the benefit of Bank to secure payment on the note and future advances.

Thereafter, the loan agreement and promissory note were renewed and modified several times in accordance with their terms. With the intent to induce Bank to agree to the renewals and modifications, the individually named defendants, who are members of Borrower, executed individual guaranties of Borrower's obligations to Bank. Particularly relevant in this appeal, on 18 October 2006, Guarantor executed a guaranty, providing that he "absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank and its affiliates, including, but not limited to, all obligations under any notes, loan agreements, [and] security agreements . . . ." The last modifications occurred 10 June 2008 and evidenced Borrower's aggregate obligation to Bank of $1,981,421.00 in principal.

Upon Borrower's default, Bank requested that Trustee foreclose on the deed of trust under power of sale. Trustee then initiated the foreclosure. In addition to foreclosing on the deed of trust, on 10 March 2010, Bank filed suit against Borrower and the individually named defendants, including Guarantor, for any deficiency resulting from the foreclosure.

Following a 29 April 2010 foreclosure hearing, the Clerk authorized Trustee to proceed with foreclosure on the deed of trust. A public sale of the property was held on 25 May 2010. However, before the foreclosure was finalized, Borrower filed a petition for relief under Chapter 11 of the Bankruptcy Code and the foreclosure proceedings were automatically stayed. Bank was granted relief from the automatic stay on 4 October 2010 and Trustee's foreclosure efforts resumed. Thereafter, on 7 January 2011, only days before the completion of the foreclosure proceedings, Borrower transferred its interest in the property to its members by general warranty deed. Guarantor received a 40% undivided interest. Despite the transfer, on 13 January 2011, Bank purchased the property for $1,000,000.00 at a public sale.

In response to Bank's deficiency suit, on 15 June 2011, Guarantor filed an answer and affirmative defenses. Guarantor's third affirmative defense included a claim to a right of offset pursuant to N.C. Gen. Stat. § 45-21.36. During discovery, Guarantor was deposed twice. In response to questions concerning the true value of the property, Guarantor denied any knowledge. Based on Guarantor's responses, Bank filed a motion for summary judgment against Guarantor on 11 April 2012. Yet, on 18 May 2012, just days before Bank's motion for summary judgment came on for hearing, Guarantor filed an affidavit claiming the value of the property far exceeded the Bank's winning bid at the public sale.

Bank's motion for summary judgment came on for hearing 22 May 2012 before the Honorable W. Robert Bell in Mecklenburg County Superior Court. By order filed 1 June 2012, Bank's motion for summary judgment was granted. Guarantor timely appealed on 28 June 2012.[1]

## II. Analysis

The sole issue raised on appeal is whether the trial court erred in entering summary judgment in favor of Bank. We hold the trial court did not err.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). Moreover, "[i] f the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

In this case, Guarantor argues that summary judgment was inappropriate because he was entitled to present evidence concerning the reasonable value of the property in order to substantiate his claim to an offset under N.C. Gen. Stat. § 45-21.36. N.C. Gen. Stat. § 45-21.36 provides:

> When any sale of real estate has been made by a mort-
> gagee, trustee, or other person authorized to make the
> same, at which the mortgagee, payee or other holder of

---

1. Bank earlier obtained a default judgment against Borrower, and the other defendants filed for Chapter 7 bankruptcy. Thus, defendant is the only remaining party.

the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part: Provided, this section shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument: Provided, further, this section shall not apply to foreclosure sales made pursuant to an order or decree of court nor to any judgment sought or rendered in any foreclosure suit nor to any sale made and confirmed prior to April 18, 1933.

N.C. Gen. Stat. § 45-21.36 (2011).[2] In order to determine whether the trial court erred in entering summary judgment, the first issue that this Court must address is whether the offset defense in N.C. Gen. Stat. § 45-21.36 is available to Guarantor.

Citing *Raleigh Federal Savings Bank v. Godwin*, 99 N.C. App. 761, 394 S.E.2d 294 (1990), Guarantor contends that a party who is liable on the underlying debt and holds a property interest in the mortgaged property may assert an offset defense under N.C. Gen. Stat. § 45-21.36. *Raleigh Federal Savings Bank*, 99 N.C. App. at 762-63, 394 S.E.2d at 296 (affirming summary judgment against defendants in a deficiency suit on the basis that defendants could not claim a right to an offset pursuant to N.C. Gen. Stat. § 45-21.36 where they did not hold a property interest in the mortgaged property). Thus, in this case, where Guarantor is liable on the underlying obligation as a result of his guaranty of Borrower's

---

2. In short, "N.C. Gen. Stat. § 45–21.36 [] allows the debtor an offset against a deficiency judgment in certain cases when the creditor purchases the property at foreclosure with a bid that is substantially less than the true value of the property." *Carolina Bank v. Chatham Station, Inc.*, 186 N.C. App. 424, 429 n.4, 651 S.E.2d 386, 389 n.4 (2007).

debt and where Guarantor acquired a 40% undivided interest in the property on 7 January 2011 when Borrower executed a deed conveying the property to its members prior to the foreclosure being completed on 13 January 2012, Guarantor argues that he is entitled to present evidence to show that the Bank's bid for the property was substantially less than the true value of the property.

While we agree with Guarantor that it is necessary that a party claiming an offset defense pursuant to N.C. Gen. Stat. § 45-21.36 be liable on the underlying debt and hold a property interest in the mortgaged property, we do not think it sufficient under the language of the statute.

As further noted in *Raleigh Federal Savings Bank*, "[t]he statute explicitly limits the defense to situations in which the mortgagee sues 'to recover a deficiency judgment against the mortgagor, trustor, or other maker of any such obligation whose property has been so purchased.' " *Id.* at 762-63, 394 S.E.2d at 296 (quoting *First Citizens Bank & Trust Co. v. Martin*, 44 N.C. App. 261, 261 S.E.2d 145 (1979) (emphasis omitted); *see also In re Foreclosure of Otter Pond Investment Group*, 79 N.C. App. 664, 665, 339 S.E.2d 854, 855 (1986) ("G.S. 45-21.36 permits such proof only in a suit against a mortgagor, trustor, or other maker for a deficiency judgment . . . ."). Here, although Guarantor received an interest in the property and is liable on his guaranty, he is not the "mortgagor, trustor or other maker of any such obligation whose property has been so purchased[.]" N.C. Gen. Stat. § 45-21.36. The general warranty deed by which Guarantor acquired his interest in the property did not indicate that Guarantor assumed any of Borrower's obligations to Bank under the promissory note. The fact that Bank also named Borrower, the mortgagor, as a defendant in the deficiency action does not expand the availability of the offset defense under N.C. Gen. Stat. § 45-21.36 to non-mortgagor defendants. *See Martin*, 44 N.C. App. at 267, 261 S.E.2d at 150 (discussing the availability of N.C. Gen. Stat. § 45-21.36 and holding "[the statute] was not available as a defense to [the] non-mortgagor defendants").

Furthermore, case law suggests that guarantors are not afforded the protections of N.C. Gen. Stat. § 45-21.36. Although not controlling on this Court, we find the discussion in *Poughkeepsie Sav. Bank, FSB v. Harris*, 833 F. Supp. 551 (W.D.N.C. 1993), persuasive. In *Poughkeepsie*, the court addressed whether the offset defense in N.C. Gen. Stat. § 45-21.36 was available to a guarantor who also owned an interest in the property. The court concluded that where the guarantor was sued for a deficiency solely in his capacity as a guarantor, the offset defense was unavailable. *Poughkeepsie*, 833 F. Supp. at 554. The court reasoned that

"[t]o permit Defendants to raise a defense only available to them in their capacity as owners, when they are being sued for their duties as guarantors, would erase their duty as guarantors." *Id.* In this case, Guarantor "absolutely, irrevocably and unconditionally guarantee[d] to [Lender] and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to [Lender] and its affiliates, including, but not limited to, all obligations under any notes, loan agreements, [and] security agreements . . ." separate and apart from any property interest in the mortgaged property that he later acquired. Thus, as was the case in *Poughkeepsie*, "[i]n this case, Guarantor voluntarily assumed the duties of owning property and of serving as [a] guarantor[]. . . . Since [Guarantor] assumed both duties, and since [he] chose to be treated as both [a] property owner[] and [a] guarantor[], [this] Court can find no reason why [he] should not now by [sic] compelled to accept all of [his] duties as [a] guarantor[]." *Id.*

Because we find that the offset defense provided in N.C. Gen. Stat. § 45-21.36 is not available to Guarantor in this case, we need not reach Guarantor's remaining arguments concerning the fair value of the property. Nevertheless, we opine that even if Guarantor was afforded the offset defense in N.C. Gen. Stat. § 45-21.36, Guarantor's affidavit providing his opinion as to the value of the property, filed only days before the hearing on Bank's motion for summary judgment, was insufficient to create a triable issue where Guarantor previously testified at a deposition that he had no idea of the fair market value of the property. *See Wachovia Mortg. Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 9, 249 S.E.2d 727, 732 (1978) (holding that "contradictory testimony contained in an affidavit of the nonmovant may not be used by him to defeat a summary judgment motion where the only issue of fact raised by the affidavit is the credibility of the affiant"), *aff'd*, 297 N.C. 696, 256 S.E.2d 688 (1979); *see also Hubbard v. Fewell*, 170 N.C. App. 680, 613 S.E.2d 58 (2005).

### III. Conclusion

For the reasons discussed above, the order of the trial court is affirmed.

Affirmed.

Judges STEELMAN and STEPHENS concur.